977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Richard KEMP, Jr., Appellant.
 No. 92-1135.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 29, 1992.
Filed: October 1, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Kemp, Jr., appeals from the District Court's[1] denial of his motion to withdraw his plea of guilty to two counts of drug and firearms violations. We affirm.
 
 
 2
 Kemp claimed at his sentencing hearing that his guilty plea had been induced by pressure from his appointed counsel and threats from the prosecutor. The District Court, noting that this assertion was directly contrary to Kemp's testimony at the change-of-plea hearing, denied the motion.
 
 
 3
 A district court may permit withdrawal of a guilty plea before sentence is imposed "upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d). We review the denial of a motion to withdraw under the abuse of discretion standard. United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992).
 
 
 4
 We conclude that the District Court did not abuse its discretion in denying Kemp's motion because he did not show a "fair and just reason" to withdraw his plea. Kemp never mentioned threats and coercion before the sentencing hearing. His previous withdrawal motions had cited a different reason, which he apparently abandoned prior to the sentencing hearing. Other than his bald assertions, Kemp did not provide any specific details regarding how or when the alleged threats and coercion occurred. Further, Kemp testified at the sentencing hearing that he had not lied when he testified at the change-of-plea hearing that he had not been forced or coerced to plead guilty. Under these circumstances, it is apparent that Kemp essentially had a change of heart regarding the wisdom of his plea. However, " [t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Woosley, 440 F.2d 1280, 1281 (8th Cir.), cert. denied, 404 U.S. 864 (1971). We conclude that Kemp's remaining arguments lack merit.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri