# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2926

_____

United States of America,           *

                                 *

          Appellee,        *

                                 *    Appeal from the United States

          v.                *    District Court for the

                                 *    Southern District of Iowa.

Joe Cruz,                   *

                                 *

          Appellant.      *

_____

Submitted: March 18, 2011
Filed: July 7, 2011

_____

Before RILEY, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Joe Cruz pled guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On March 23, 2010, the district court[1] adopted the report and recommendation of a magistrate judge[2] and accepted his plea. On April 13, 2010,

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

[2]The Honorable Celeste Bremer, United States Magistrate Judge for the Southern District of Iowa.

Cruz moved to withdraw his plea. The district court denied the motion and sentenced Cruz to 300 months' imprisonment. Cruz appeals, and we affirm.

I.

In October 2009, the police effected a traffic stop and discovered approximately 2.5 pounds of methamphetamine in a vehicle driven by Cruz and occupied by Uriel Mora Gonzalez. A grand jury indicted Cruz and Gonzalez on drug trafficking charges, and the defendants moved to suppress the evidence obtained from the vehicle. The district court denied the motions to suppress and a motion to sever filed by Gonzalez.

On February 25, 2010, Cruz entered a plea agreement in which he pled guilty to a conspiracy charge in exchange for the government's agreement to dismiss a second charge. The government also agreed not to seek an enhanced sentence based on Cruz's prior felony drug convictions. *See* 21 U.S.C. §§ 841(b)(1)(A), 851.

On February 26, 2010, a magistrate judge held a change of plea hearing. At the hearing, Cruz stated that he had conferred with his attorney, had read the plea agreement and everything else his attorney provided him, and was satisfied with his attorney's services. Cruz testified that no one had made any threats or promises to him regarding the plea agreement or tried to coerce him into pleading guilty. After Cruz informed the court that he had taken cold medication within 24 hours of the hearing, the magistrate judge questioned him on the effect of the medication. Cruz responded that the medicine made him feel a little dopey, but that he was able to follow what was happening, understood the significance of the proceeding, and could function fine. The magistrate judge also advised Cruz of the possible sentencing consequences, including that he did not have the right to withdraw his plea if he was dissatisfied with his sentence. The magistrate judge found that Cruz entered the plea knowingly, voluntarily, and intelligently, and without any force, threats, or promises.

Cruz lodged no objection to the report and recommendation; the district court adopted it, and accepted Cruz's guilty plea on March 23, 2010.

On April 13, 2010, the day after the probation office distributed its first draft of Cruz's presentence report, Cruz moved to withdraw his guilty plea and replace his attorney. The district court appointed new counsel and held a hearing on the motion to withdraw the plea. At the hearing, Cruz asserted his innocence. He alleged that his former counsel was ineffective, that he was pressured into pleading guilty, and that he was confused at the change of plea hearing. The district court denied the motion to withdraw, and sentenced Cruz to 300 months' imprisonment.

## II.

This court reviews the denial of a motion to withdraw a plea for an abuse of discretion. *United States v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010). A defendant may withdraw a guilty plea that has been accepted by a court, before sentence is imposed, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden to establish fair and just grounds for withdrawal. *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009). Even if the defendant meets this burden, the court must consider other factors before granting the motion, namely, "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (internal quotations omitted). We conclude that Cruz's allegations of ineffective assistance of counsel, confusion, pressure, and innocence do not establish a fair and just reason to withdraw his plea.

"Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if [the defendant] demonstrates both that his attorney's

performance was deficient and that he was prejudiced by it." *United States v. McMullen*, 86 F.3d 135, 137 (8th Cir. 1996). To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To show prejudice, the defendant must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *McMullen*, 86 F.3d at 137 (internal quotations omitted). The district court did not abuse its discretion in concluding that Cruz failed to satisfy these requirements.

Cruz alleges that his attorney's performance was deficient due to his failure to bring up "lies" told by Drug Enforcement Administration agents at the suppression hearing. He points to testimony by the agents that they witnessed Cruz leave a Kentucky Fried Chicken restaurant shortly before stopping him when there allegedly was no such restaurant in the vicinity of the stop. He complains that agents said they discovered drugs in the trunk, when the drugs actually were behind a door panel. He contends that the agents falsely claimed that Cruz's vehicle was "weaving and speeding," although they issued no traffic ticket. These allegations are unsupported by evidence or amount to minor discrepancies, and counsel's failure to pursue them at the suppression hearing was not objectively unreasonable. Cruz also failed to establish prejudice. There is no showing that additional cross-examination of the agents would have changed the outcome of the suppression hearing or Cruz's decision to plead guilty.

Cruz further asserts that he was confused during the plea hearing due to his cold medication. The district court's refusal to accept this contention is amply supported by the record. At the plea hearing, Cruz stated under oath that the cold medicine did not affect his ability to understand the proceedings or his ability to function, admitted to the charged crime, and engaged in a detailed discussion regarding the factual basis of the charges. At the hearing on his motion to withdraw, Cruz admitted again that

he understood the magistrate judge on the day of the plea hearing and was not confused by any of the questions. Later in that hearing, he claimed that the cold medicine "maybe" affected his ability to understand what was happening at the plea hearing, and "[c]ould have confused me a little." This evidence falls well short of establishing an abuse of discretion by the district court in denying the motion to withdraw the plea. *See United States v. McNeely*, 20 F.3d 886, 888 (8th Cir. 1994).

Cruz's claim that his attorney pressured him into pleading guilty is also unsupported by the record. Cruz testified at the plea hearing that no one made any threats or promises, or tried to coerce him into pleading guilty. At the hearing on his motion to withdraw, Cruz stated that his attorney advised him to plead guilty because he had little chance of success at trial, but in the end it was Cruz's decision to plead guilty. This attorney also testified at the hearing and stated that he did not threaten or coerce Cruz, and that he had discussed the case and potential outcomes in detail with Cruz prior to the plea hearing. The magistrate judge also thoroughly explained the consequences of a guilty plea to Cruz at the change of plea hearing. Many defendants face difficult choices about whether to plead guilty or proceed to trial, and the potential consequences of the different options are relevant to making that choice. An attorney's assessment of the likely outcome at a trial is one significant factor in a defendant's informed decisionmaking process. It does not amount to coercion that renders a plea involuntary.

Cruz now claims that he is innocent, but he presented no convincing evidence to establish that his prior admissions of guilt were untrue. A conclusory assertion of innocence "simply does not satisfy his burden of showing a fair and just reason for permit[ting] a withdrawal of what he had solemnly made under oath." *See United States v. Sampson*, 606 F.3d 505, 508 (8th Cir. 2010) (alteration in original) (internal quotations omitted).

\* \* \*

The judgment of the district court is affirmed.

_____