# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1041

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Katherine Anne West, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 17, 2011
Filed:  December 15, 2011

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Katherine West pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of bank fraud, in violation of 18 U.S.C. § 1344. On appeal, she contends that the district court[1] erred in denying her motion to withdraw her guilty plea. We affirm.

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

## A. *Background*

West was charged with seven counts of mail fraud, in violation of § 1341, and 145 counts of bank fraud, in violation of § 1344. At a change-of-plea hearing, West pleaded guilty pursuant to a plea agreement to one count of mail fraud and one count of bank fraud. The district court dismissed the remaining counts on the government's motion.

At the hearing, the district court and West discussed West's current well-being and state of mind, as well as her understanding of the guilty plea and plea agreement. The district court asked West if she was "taking any prescription medication that might affect [West's] thinking today," and West responded that although she was taking prescription medication, it was "nothing that'll affect my thinking." West's attorney acknowledged that West was "on various medications," but he felt that "she [was] competent to proceed."

West confirmed for the district court that her "mind [was] real clear" and that she was "fully at [herself]." She also acknowledged that she had spoken with her attorney "about what it means to plead guilty to two serious crimes, two felonies" and that she "underst[ood] the consequences" of pleading guilty. She verified that no promises were made to her in exchange for her guilty plea and that no "threats [had] been made toward [her] to get [her] to plead guilty." And, she stated that she had reviewed the plea agreement with her attorney, understood it, and signed it. Because she felt that "the plea agreement . . . [was] in [her] best interest," West asked the district court to accept it.

The district court asked West if she would "like a recess" in order to speak with her attorney prior to the entry of her plea. West responded, "No, sir." She then pleaded guilty to one count of mail fraud and one count of bank fraud. The district court asked, "Is that because you are in truth and in fact guilty?" West responded, "Yes, sir." She confirmed that she "knew that [she] w[as] stealing from [her] company

when [she] did this bank fraud and mail fraud." West "knew [that she] w[as] violating the law." Thereafter, the district court asked West's attorney whether he "kn[ew] of any reason [that the district court] shouldn't accept the plea of guilty to these two counts," and West's attorney responded, "No, Your Honor."

Following the change-of-plea hearing, West moved to withdraw her guilty plea, arguing that (1) "she entered the plea of guilty because she felt that her health would suffer adversely from a trial and, as a result of her physical symptoms and worry about trial, decided to plead guilty and forego her defense that she was authorized to take the money at issue"; and (2) she could substantiate a "legal innocence" defense because "she was authorized by an owner of the business to take the funds at issue."

At sentencing, West attempted to justify the request to withdraw her guilty plea. On direct examination, she reiterated that she pleaded guilty out of concern for her health and her ability to withstand a trial. She also added a basis for the plea withdrawal that was not mentioned in her written motion. According to West, she and her family "had been threatened by [her] ex-employers [and] their family." In response to the district court's questioning, West testified that, although she did not notify the court, she had received these threats prior to pleading guilty.

On cross-examination, West confirmed that, at both her change-of-plea hearing and sentencing hearing, she had promised to tell the truth. West acknowledged that, at the time of her change-of-plea hearing, she told the court that she was "guilty of the two counts that [she] pled to." West retracted her acceptance of guilt, stating that she was "not guilty of the counts." According to West, she "lied under oath in June of 2010 [at her change-of-plea hearing]." When the government showed West her plea agreement, she confirmed that she had signed it and carefully reviewed it. She acknowledged the signed plea agreement's explicit statement that "no one has threatened or forced the defendant in any way to enter into this agreement and addendum." West admitted that, at the prior hearing, she had told the district court,

under oath, that no threats had been made against her to get her to plead guilty. She also admitted that she told the district court, under oath, that she was guilty of the two counts.

Thereafter, the district court denied West's motion to withdraw her guilty plea, stating:

> Well, I think the record of the guilty plea hearing was pretty clear that she pled guilty with full knowledge of the facts and understanding what she was undertaking, and she admitted her guilt thoroughly. And on top of that, she gave every appearance at the guilty plea hearing of being fully at herself and I thought quite keen. And so I believe she told me the truth at that point in time during that hearing and I deny her motion to set aside her guilty plea. I note the objection of the defense and save their exception.

The district court then sentenced West to 64 months' imprisonment, followed by five years of supervised release.

## B. *Discussion*

On appeal, West argues that the district court erred in denying her motion to withdraw her guilty plea because she presented "fair and just" reasons for the withdrawal: health concerns and intimidation. Additionally, she asserts that she is innocent of the underlying charge because her company authorized her to take the money at issue.

We review for an abuse of discretion a district court's denial of a motion to withdraw a plea. *United States v. Cruz*, 643 F.3d 639, 641 (8th Cir. 2011). A defendant is permitted to withdraw a guilty plea that the court has accepted prior to imposition of a sentence "if 'the defendant can show a fair and just reason for

-4-

requesting the withdrawal.'" *Id*. at 641–42 (quoting Fed. R. Crim. P. 11(d)(2)(B)). "The defendant bears the burden to establish fair and just grounds for withdrawal." *Id*. at 642. But even if the defendant satisfies this burden, "the court must consider other factors before granting the motion, namely, 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *Id*. (quoting *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006)).

Here, West asserts that the district court should have permitted her to withdraw her guilty plea because, *inter alia*, she is innocent of the charges. But West has "presented no convincing evidence to establish that h[er] prior admissions of guilt were untrue." *Id*. at 643. "A conclusory assertion of innocence 'simply does not satisfy h[er] burden of showing a fair and just reason for permit[ting] a withdrawal of what [she] had solemnly made under oath.'" *Id*. (quoting *United States v. Sampson*, 606 F.3d 505, 508 (8th Cir. 2010) (first and third alterations added).

West also claims that her "health concerns and muddled thinking g[ave] the court the discretion to find a fair and just reason." "The district court's refusal to accept this contention is amply supported by the record." *Id*. at 642. At no time during the change-of-plea hearing did West state that her medical condition or health affected or influenced her decision to plead guilty in response to the district court's questioning. In fact, West testified that, although she was taking prescription medication, it was "nothing that'll affect my thinking." According to West, her "mind [was] real clear" and she was "fully at [herself]." Additionally, West's attorney confirmed his belief that West "[was] competent to proceed."

Finally, West maintains that she was threatened and intimidated into pleading guilty. Specifically, she testified at sentencing that she and her family "had been threatened by [her] ex-employers, their family, we had been run off the road, we had

-5-

been—they tried to rear-end me in a drive-thru, they had made several comments to me when I worked there." She also testified that "[her boss] had *told me one time* that if he told me something, then he'd have to kill me." (Emphasis added.) But West "never mentioned threats and coercion before the sentencing hearing." *United States v. Kemp*, 977 F.2d 586, 1992 WL 245842, at *1 (8th Cir. 1992) (unpublished per curiam). Furthermore, West testified at the change-of-plea hearing that she was not threatened or coerced into pleading guilty. The district court concluded that West was telling the truth at the change-of-plea hearing and not at the sentencing hearing. "[A] district court's credibility determinations are virtually unassailable on appeal." *United States v. Hall*, 497 F.3d 846, 852 (8th Cir. 2007) (quotation and citation omitted).

On these facts, we hold that the district court did not abuse its discretion in denying West's motion to withdraw her guilty plea.

## C. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____