# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3864

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Cale Harris, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2011
Filed: February 28, 2012

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Cale Harris pleaded guilty to three federal offenses: conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B), and 846; discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h). The district court[1] sentenced him to 220 months' imprisonment. Harris appeals his sentence, and we dismiss the appeal as moot.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

After Harris pleaded guilty, the probation office recommended an advisory guideline range of 121 to 151 months' imprisonment on each of the conspiracy charges, to be served concurrently, based on a total offense level of 29 and a criminal history category IV. The presentence report recommended the mandatory minimum sentence of 120 months' imprisonment on the firearm charge. *See* 18 U.S.C. § 924(c)(1)(A)(iii). Because the sentence on the firearm count must be imposed consecutively to any other term of imprisonment, *see* 18 U.S.C. § 924(c)(1)(A), Harris's total advisory sentencing range was 241 to 271 months' imprisonment. At the sentencing hearing, the government and Harris entered into a stipulation, accepted by the district court, that reduced the total offense level from 29 to 27. As a result, Harris's advisory guideline range was adjusted to 100 to 125 months' imprisonment for the conspiracy charges, and the total range was 220 to 245 months' imprisonment.

At the sentencing hearing, Harris also sought a 22-month downward adjustment under USSG § 5G1.3(b) for the time he had served for a Missouri state offense that was considered relevant conduct in calculating his offense level on the conspiracy charges. Harris had served 22 months for the state offense, but was on parole at the time of his federal sentencing. The district court gave Harris credit for the time served, and sentenced him to 100 months on the conspiracy charges and the mandatory consecutive sentence of 120 months on the firearm charge, for a total sentence of 220 months' imprisonment.

Harris appealed his sentence on three grounds: (1) that the district court created an unwarranted sentence disparity among co-defendants in violation of 18 U.S.C. § 3553(a)(6); (2) that the district court inadequately applied USSG § 5G1.3(b); and (3) that the district court imposed a substantively unreasonable sentence. The government moved to dismiss the appeal, arguing that Harris waived his right to appeal in a plea agreement. We granted the motion with respect to the first and third points raised by Harris, but allowed the appeal to proceed on the second. The plea agreement provided that Harris "retains his right to appeal any Sentencing Guidelines

-2-

issues that have not been agreed upon by the parties." R. Doc. 232, Plea Agreement ¶ 15b. The application of § 5G1.3(b) is a sentencing guidelines issue that was not agreed upon by the parties, *id*. ¶ 10, so it was not waived.

On the merits, Harris argues that the district court misapplied § 5G1.3(b) by not specifying that his federal sentence was to run concurrently with the remainder of the undischarged portion of his state sentence. He urges this court to remand the case to the district court for correction of the sentence and judgment.

In addition to responding on the merits, the government moved to dismiss the appeal on the ground that it is moot, because Harris's state sentence has been discharged. The motion was accompanied by a letter from the Missouri Board of Probation and Parole, stating that the parole board had granted an administrative discharge in Harris's state case and had no further interest in the case. The government argues that the appeal is moot, because there is no undischarged state term of imprisonment, and it is academic whether the federal sentence runs consecutive or concurrent to the state sentence.

We conclude that the appeal is moot, because there is no effectual relief available to Harris. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Harris disputes only whether the district court, pursuant to § 5G1.3(b)(2), should have imposed the federal sentence "to run concurrently to the remainder of the undischarged term of imprisonment." At this point, because Missouri discharged Harris's state sentence, there is no longer an "undischarged term of imprisonment." Even if Harris prevailed on the merits of his argument, no time served since the date of the federal sentencing could be credited toward Harris's state sentence, because the state sentence has been discharged. Since the date of sentencing, Harris has served his federal sentence, so the alleged error in failing to run the federal and state sentences concurrently did not deprive him of any credit toward his federal sentence.

-3-

In sum, no relief is available on either the state or federal sentence, and the appeal is therefore moot.

For these reasons, we grant the government's motion to dismiss the appeal. We also deny Harris's *pro se* motion to supplement the record.

———————————————