# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3191

_____

United States of America

*Plaintiff - Appellee*

v.

Taylor Trinity Marie McHatten

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: June 9, 2017
Filed: August 4, 2017

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant Taylor McHatten brings the instant appeal arguing that the district court[1] erred in its recommendation that McHatten's federal sentence run consecutively to a yet-to-be-imposed sentence in Iowa state court. During the

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

pendency of this appeal, the state court case was dismissed. Because it is not currently possible for McHatten to be sentenced in the dismissed state court case, her appeal is dismissed as moot.

## I. Background

McHatten was involved in a physical altercation with her neighbor after her neighbor scolded McHatten's child. This scuffle culminated in an intoxicated McHatten retrieving a loaded 22-caliber rifle from her house and using the butt end of the rifle to smash some of the windows located on her neighbor's door. The neighbor called the police, and McHatten was arrested.

As a result, McHatten was indicted in federal court on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). McHatten also faced charges arising from this same conduct in the Iowa District Court for Black Hawk County, case number FECR209474. The state court proceeding involved three charges: first degree burglary, felon in possession of a firearm, and fourth degree criminal mischief. McHatten subsequently pled guilty to the sole count in the federal case, and the matter proceeded to sentencing.

The district court sentenced McHatten to 64 months imprisonment. Citing USSG § 5G1.3(c), the district court determined that this sentence should run concurrently with any sentence imposed on the state court felon in possession charge. The court then gave the following recommendation: "Pursuant to 18 U.S.C. § 3584, it is recommended that the sentence for the instant offense be ordered to run consecutively to any term of imprisonment that may be imposed in The Iowa District Court for Black Hawk County, Case No[]. . . . FECR209474 (Counts 1 and 3) . . . ."

McHatten brings this appeal arguing that USSG § 5G1.3 requires the district court to recommend that the federal sentence run concurrently to any sentence

imposed in the identified state court case because the state and federal charges arose from the same relevant conduct. While this appeal was pending, however, Iowa District Court case number FECR209474 was dismissed without prejudice. We ordered the parties to submit their views on whether this dismissal impacts McHatten's appeal, and we now hold that the appeal is moot because we can award no effectual relief to McHatten.

## II. Discussion

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) (quoting U.S. Const. art. III, § 2). This requirement persists throughout all stages of litigation, so "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Id. (internal quotation marks omitted).

In United States v. Harris, 669 F.3d 908, 910 (8th Cir. 2012), we dealt with an issue similar to that presented here. The only substantive argument on appeal was whether the district court erred in failing to specify that Harris's "federal sentence was to run concurrently with the remainder of the undischarged portion of his state sentence." Id. During the appeal, Harris's state sentence was discharged, and we held that this rendered his appeal moot "because there is no effectual relief available to Harris." Id. "Even if Harris prevailed on the merits of his argument," we reasoned, "no time served since the date of the federal sentencing could be credited toward Harris's state sentence, because the state sentence has been discharged." Id.

Harris largely controls the outcome here. The sole issue McHatten presents on appeal is whether the district court plainly erred in recommending that her federal sentence run consecutively to a yet-to-be-imposed state sentence stemming from the

same relevant conduct.[2] However, because the state court charges have been dismissed, McHatten can no longer be sentenced in that case. Thus, even if she were to prevail, we could not order the district court to recommend that her federal sentence run concurrently to her state court sentence because there will be no state court sentence imposed in case number FECR209474.

Although the charges were dismissed without prejudice, the district court's decision to tie the sentencing to a specific case number, rather than McHatten's conduct, would require us to speculate that she could be reindicted under that same case number in order to reach the merits of her appeal. Even if this were possible, "a speculative possibility is not a basis for retaining jurisdiction over a moot case." In re Operation of the Mo. River Sys. Litig., 421 F.3d 618, 631-32 (8th Cir. 2005) (internal quotation marks omitted).

### III. Conclusion

"[B]ecause there is no effectual relief available to" McHatten, we dismiss her appeal as moot. See Harris, 669 F.3d at 910.

———————————————————

[2]McHatten did not object to this issue at sentencing, so we would have reviewed for plain error. See United States v. Stokes, 750 F.3d 767, 771 (8th Cir. 2014) ("To establish plain error, [a defendant] must prove (1) there was error, (2) the error was plain, and (3) the error affected h[er] substantial rights." (first alteration in original) (internal quotation marks omitted)).