# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2558
_____

United States of America

*Plaintiff - Appellee*

v.

Pierre Watson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2018
Filed: February 28, 2018

_____

Before COLLOTON, BENTON, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Pierre Watson and two co-defendants were charged with multiple offenses related to a counterfeiting scheme. Watson pled guilty to the following charges: conspiracy to defraud in violation of 18 U.S.C. § 371 (Count One); bank fraud in violation of 18 U.S.C. § 1344 (Count Two); and passing counterfeit securities in

violation of 18 U.S.C. § 513(a) (Count Nine).[1]  Following a bench trial, the district court[2] found Watson guilty of three additional charges: passing counterfeit securities in violation of 18 U.S.C. § 513(a) (Count Eight); possessing an implement suitable for making counterfeit securities in violation of 18 U.S.C. § 513(b) (Count Eleven); and tampering with a witness in violation of 18 U.S.C. § 1512(b)(1) (Count Twelve).[3]

The court sentenced Watson to 60 months' imprisonment on Count One and concurrent terms of 84 months' imprisonment on Counts Two, Eight, Eleven, and Twelve.  The court directed that the sentences imposed be "consecutive to any sentence imposed in United States District Court, Eastern District of Missouri, under Docket Number 4:16CR00336 JAR and the sentence under Docket Number 4:15CR00350 CDP."[4]

Watson raises three issues on appeal: (1) the evidence was insufficient to sustain a conviction on Count Eleven; (2) the district court exceeded its authority by directing the sentence to run consecutive to a sentence in another case that had not yet been imposed; and (3) the district court abused its discretion by refusing to allow him to withdraw his guilty pleas to Counts One and Two.  We affirm.

---

[1]Watson's plea to Count Nine was later withdrawn and dismissed on the United States's motion.

[2]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

[3]The court granted the United States's motion to dismiss Counts Four and Five before trial.

[4]The United States has moved to supplement the record on appeal to include a copy of the sentencing transcript and judgment in United States v. Pierre Watson, Case Number 4:16CR00336JAR.  We have the authority to enlarge the record in "the interests of justice." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 933 F.2d 61, 63 (8th Cir. 1993).  The motion to supplement the record is granted.

On August 30, 2014, Maryland Heights, Missouri, police officers approached a stopped car and found Watson in the driver's seat. Watson was arrested on several outstanding warrants. An inventory search of the vehicle revealed the following items: four counterfeit payroll checks; a business check in the name of an insurance company; two pieces of perforated check stock; copies of a deposit ticket containing images of two checks drawn on a Bank of America account belonging to the Law Offices of J.P.; two photocopies of checks drawn on an Enterprise Bank and Trust account belonging to the law firm, Sher & Shabsin, P.C.; and a social security card that was not issued to Watson.

The investigators discovered that from August 10 through August 19, 2014, the conspirators successfully passed six counterfeit checks drawn on the Enterprise Bank account of Sher & Shabsin. One of these checks, written for $465.90, was deposited into an account at U.S. Bank by co-defendant Shontell Hill.

The counterfeit Sher & Shabsin checks were similar, but not identical, to the two photocopied Sher & Shabsin checks seized during the inventory search. The name of the bank, the bank routing number, and the five digit length of the check numbers matched Sher & Shabsin's account. On the counterfeit checks, a transposed letter changed "Sher & Shabsin" to "Sher & Shasbin." The counterfeit checks also omitted the last digit of the law firm's account number, modified the number of signature lines, inserted a law firm logo, removed Enterprise Bank's logo, and included language that the check was "VOID AFTER 90 DAYS" and "Do Not Cash If Amount Exceeds $10,000.00."

Watson admitted during the plea colloquy that the conspirators engaged in a scheme to defraud U.S. Bank, Enterprise Bank, and Sher & Shabsin, P.C. He further admitted that as a part of the scheme he "obtained fraudulent checks that were either

made by himself or given to him by another member of the conspiracy to give to Shontell Hill [a named co-conspirator] to deposit in her bank account." At trial, Watson stipulated that he was in possession of the photocopied Sher & Shabsin checks on August 30, 2014. He contests whether the photocopied checks constitute a "template" or "implement" adequate to meet the statutory requirement that the items be particularly suited for making a counterfeit or forged security.

## II.

### A. Sufficiency of the Evidence on Count Eleven

Watson repeatedly argued to the district court, and does so again on appeal, that a photocopy of two checks cannot be a "template" under 18 U.S.C. § 513(b).[5] On this basis, he claims that the evidence was insufficient as a matter of law to sustain a conviction on Count Eleven. "We review the sufficiency of the evidence after a bench trial in the light most favorable to the verdict, upholding the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt." United States v. Iqbal, 869 F.3d 627, 629–30 (8th Cir. 2017) (citing United States v. Kain, 589 F.3d 945, 948 (8th Cir. 2009)).

Contrary to Watson's argument that the statute requires use of a "template," the government needed to prove that Watson possessed "an implement designed for or particularly suited for making a counterfeit or forged security with the intent that it be so used." 18 U.S.C. § 513(b). Whether the evidence presented was sufficient turns on whether the photocopied checks fall within the statutory language. The question is one of first impression for us.

---

[5]No source of this persistent claim was cited. It is noteworthy that the term "template" is not found in 18 U.S.C. § 513(b).

The Third Circuit Court of Appeals has interpreted the term "implement" as used in § 513(b) to describe items other than mere physical tools or instruments. See United States v. Holloman, 981 F.2d 690, 692–93 (3d Cir. 1992). Implement can encompass "anything . . . necessary to effect an end or perform a task." Id. at 692 (alteration in original) (quoting Webster's Third New International Dictionary 1134 (1976)). The Holloman court, in concluding that a cancelled check containing "particularly useful information" qualified as an "implement" under § 513(b), reasoned that even though the cancelled checks were not "designed for" counterfeiting, they were "particularly suited for" counterfeiting or forgery if in the hands of someone prone to using the items for illegitimate purposes. Id. at 692.

Watson used the photocopied checks to discover the name and address of an account holder, the bank at which the account was held, the account number, the bank's routing number, and the number of digits in the check numbers. Watson's co-conspirators successfully passed the counterfeited checks. Watson focuses on the missing last digit of the law firm's account number and the slight misspelling of the law firm's name. As the district court recognized, these minor differences may have been intentionally incorporated in a failed attempt to create a technical defense to the application of the statute. See United States v. Van Shutters, 163 F.3d 331, 339 (6th Cir. 1998) ("A defendant should not be permitted to escape liability under § 513 by resorting to the fine print of his forged creations."). In any event, even if the missing number and the misspelling were the result of careless copying, Watson was able to utilize the photocopied checks in a successful counterfeiting scheme.

Although § 513(b) does not define the term "implement," a plain reading of the language demonstrates that "implement" is modified by "designed for or particularly suited for making a [counterfeit security]." The photocopied checks were "particularly suited for" use in counterfeiting and, arguably, were the most effective tool in Watson's counterfeiting scheme. Accord Holloman, 981 F.2d at 692. The checks each qualify as an "implement" under § 513(b).

**B.      Imposition of Consecutive Sentences**

Watson next argues that the district court lacked the authority to direct that his sentence run consecutive to a federal sentence that had not yet been imposed.  We do not need to reach the merits of this argument because the record reflects that Judge Ross made an independent determination to run the sentence in the other case consecutive to the sentence in this case.

Judge Ross fully explained on the record the facts that he believed supported a consecutive sentence.  He made plain that he independently considered the sentencing factors under 18 U.S.C. § 3553(a) and decided to impose a consecutive sentence.  Because the district court's decision in this case had no effect on the sentence later imposed by Judge Ross, we find Watson's argument moot.  See United States v. Harris, 669 F.3d 908, 910 (8th Cir. 2012) (citing Calderon v. Moore, 518 U.S. 149, 150 (1996)) (dismissing appeal as moot where "there is no effectual relief available").

Watson invites us to consider the possibility that Judge Ross was unduly, and perhaps subconsciously, influenced by direction in this case to run the sentences consecutive.  We decline to do so based on the fully developed and clear record made by Judge Ross.  The consecutive nature of the sentences is eminently reasonable given that Watson's additional criminal conduct was committed while he was in custody on the charges in this case.

**C.      Motion to Withdraw Guilty Pleas**

Lastly, Watson challenges the district court's denial of his motion to withdraw his guilty pleas to Counts One and Two.  We review the denial of a motion to withdraw a plea for abuse of discretion.  United States v. Trevino, 829 F.3d 668, 671 (8th Cir. 2016) (citing United States v. Cruz, 643 F.3d 639, 641 (8th Cir. 2011)).

"When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." United States v. McHenry, 849 F.3d 699, 705 (8th Cir. 2017) (quoting United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992)).

Watson asserts he was confused about which checks formed the bases for Counts One and Two. At the change of plea hearing, Watson admitted to passing counterfeit Sher & Shabsin checks drawn on the law firm's Enterprise Bank account—the same law firm and bank contained in the factual allegations of Counts One and Two. Before denying Watson's motion, the district court reviewed the transcript of the change of plea hearing and pointed to evidence in the record that established Watson clearly understood the consequences of entering guilty pleas and knowingly admitted to a detailed factual basis in support of Counts One and Two. Watson's self-serving claim that he was confused about which checks corresponded to those counts is directly contradicted by his statements during his plea colloquy.

Watson has presented no legal or factual basis to support withdrawal of his guilty pleas. The district court did not abuse its discretion when it denied Watson's motion. See Trevino, 829 F.3d at 673 (when a defendant "fail[s] to put forth a fair and just reason to withdraw the plea, provide[s] no specific facts supporting a claim of ineffective assistance, and [is] directly contradicted by his statements under oath at the change-of-plea hearing," the denial of a motion to withdraw a plea is not an abuse of discretion).

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____