# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1459

———————————————

United States of America

*Plaintiff - Appellee*

v.

Farrell Mitchell

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of Nebraska - Omaha

————————

Submitted: March 15, 2021
Filed: May 12, 2021
[Unpublished]

————————

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

————————

PER CURIAM.

On November 20, 2019, the morning Farrell Mitchell's trial was to commence, Mitchell entered a plea of *nolo contendere*[1] to a charge of being a felon in possession

———————————————

[1]While the parties have referred to the plea as one of "no contest," Rule 11 of the Federal Rules of Criminal Procedure contemplates pleas of "*nolo contendere*"

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). About two weeks later, Mitchell filed a *pro se* motion to withdraw his plea. The district court[2] denied Mitchell's motion and sentenced him to a 90-month term of imprisonment. Mitchell appeals the denial of his motion to withdraw his plea. We affirm.

We review the district court's denial of Mitchell's motion to withdraw his plea for an abuse of discretion. United States v. Barthman, 983 F.3d 318, 323 (8th Cir. 2020) (citing United States v. Cruz, 643 F.3d 639, 641 (8th Cir. 2011)). A defendant may withdraw a plea of *nolo contendere* after acceptance and before sentencing only if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden of showing a fair and just reason rests on the defendant. Cruz, 643 F.3d at 642. Only if the defendant meets his burden is the court permitted to consider the additional factors of "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." Id. (quoting United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006)).

Mitchell's first proffered basis for withdrawal of his plea—that he had inadequate time to review the government's video showing him discarding a gun—is belied by the record. During his plea colloquy, Mitchell acknowledged that he watched the video, had an opportunity to discuss the evidence with his attorney, and did not contest any evidence. As to Mitchell's other assertion that the government tampered with the video, Mitchell presented no evidence supporting his claim that the video "was staged."

---

rather than "no contest." In order to maintain uniformity in our decisions, we refer to the plea as one of "*nolo contendere*."

[2]The Honorable John M. Gerrard, Chief Judge, United States District Judge for the District of Nebraska.

On the record before us, Mitchell failed to meet his burden of demonstrating a fair and just reason for withdrawal of his plea.  See United States v. Watson, 883 F.3d 1033, 1038 (8th Cir. 2018) (concluding there is no abuse of discretion in denying plea withdrawal when the claim "is directly contradicted by [a defendant's] statements during his plea colloquy"); Harvey, 829 F.3d 586, 590 (8th Cir. 2016) (noting a district court is not required to give credence to "inherently unreliable allegations unsupported by specific facts").  The district court did not abuse its discretion when it denied Mitchell's motion.

During the pendency of this appeal, Mitchell submitted a *pro se* motion seeking to preserve a claim under Rehaif v. United States, 588 U.S. ----, 139 S. Ct. 2191 (2019), and as a "supplement" in his pending appeal.  Mitchell's motion for leave to file the *pro se* motion is denied.  See United States v. Robertson, 883 F.3d 1080, 1087 (8th Cir. 2018) (noting the "longstanding Eighth Circuit policy" to not accept *pro se* briefs for filing when a party is represented by counsel).

We affirm.

_____