United States Court of Appeals

For the Eighth Circuit

_____

No. 22-2450
_____

United States of America,

*Plaintiff - Appellee*,

v.

Erich Longie, Jr.,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: December 20, 2022
Filed: January 17, 2023
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Erich Longie, Jr. appeals after he pleaded guilty to first-degree murder and child abuse offenses, and the district court[1] sentenced him to life in prison. His

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the denial of Longie's motion to withdraw his guilty plea.

We conclude that the district court did not abuse its discretion in denying Longie's motion to withdraw his plea, as he failed to show his plea was not knowing and voluntary, and he did not establish a fair and just reason for withdrawal. *See United States v. Cruz*, 643 F.3d 639, 641-42 (8th Cir. 2011). At the change-of-plea hearing, the district court inquired into Longie's mental state and thoroughly explained the consequences of pleading guilty. Longie confirmed under oath that he was satisfied with his attorney's representation, that he understood he could not withdraw his guilty plea, that he understood the minimum and maximum penalties he faced by pleading guilty, that he committed the offenses, that he had discussed the consequences of entering into the plea agreement with his attorney, and that no one had forced or promised him anything to induce him to plead guilty. *See United States v. Pacheco*, 641 F.3d 970, 974 (8th Cir. 2011); *United States v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues falling outside the scope of the appeal waiver in Longie's plea agreement. Longie argues that enforcing the appeal waiver to bar review of his claim concerning withdrawal of the guilty plea would result in a miscarriage of justice, but we have addressed that claim on the merits. Accordingly, we affirm the denial of Longie's motion to withdraw his plea, dismiss the remainder of the appeal based on the appeal waiver, and grant counsel leave to withdraw.

_____