# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2397

_____

United States of America

*Plaintiff - Appellee*

v.

Isaiah Earl Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: December 10, 2012
Filed: February 13, 2013
[Published]

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Defendant Isaiah Earl Thomas pleaded guilty to conspiring to distribute less than fifty kilograms of marijuana, possessing a firearm in furtherance of a drug trafficking offense, and possessing a firearm following a conviction for domestic violence. More than five months later, but prior to his sentencing, he moved to

withdraw his plea. The district court[1] denied his motion, and Thomas appeals. We affirm.

## I.

Before Thomas pleaded guilty, defense counsel and the district court informed him that he faced a statutory maximum sentence of life imprisonment. Defense counsel and the government estimated that his advisory sentencing range pursuant to the United States Sentencing Guidelines likely would be 84–90 months' imprisonment. The government, however, emphasized that due to Thomas's extensive criminal history and the nature of his present offenses, "he's likely going to be either within the guidelines subject to several upward departures or perhaps even subject to upward variances [such] that the guidelines are going to very quickly be overcome by other sentencing factors." In addition, the court repeatedly emphasized that the actual guideline calculation and the overall sentence could be higher than the estimated guidelines range.

At Thomas's plea hearing, the district court engaged in an extensive explanation and discussion pursuant to Federal Rule of Criminal Procedure 11(b). The court clearly and fully explained the charges against Thomas and fully explained the consequences of pleading guilty. The court then heard Thomas's responses, including a factual basis for his plea, and accepted Thomas's plea.

Later, an initial presentence investigation report recommended applying the career offender provisions of the sentencing guidelines based upon Thomas's prior convictions. Pursuant to the career offender provisions, Thomas's advisory guidelines

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

range was 262–327 months' imprisonment. After receiving this report, Thomas moved for and was granted new counsel. He then moved to withdraw his plea.

Thomas argued that he could establish two "fair and just reason[s]" for seeking to withdraw his plea. Fed. R. Crim. P. 11 (d)(2)(B) (permitting district courts to allow defendants to withdraw guilty pleas prior to sentencing if there exists "a fair and just reason for requesting the withdrawal"). First, he argued that he had not understood the nature of the conspiracy charge against him. Second, he argued that defense counsel and the government failed to accurately inform him of the likely sentencing guidelines range applicable to his case.

The district court found the first argument to be without merit based upon the thoroughness of the Rule 11(b) hearing and Thomas's responses during that hearing. The district court also rejected the second argument, finding that Thomas was accurately informed of the statutory sentencing range and that our circuit's precedent did not require the court to permit plea withdrawal based merely upon incorrect estimates of the advisory guidelines range. The court then sentenced Thomas to 327 months' imprisonment, the top of the guidelines range.

II.

We review for abuse of discretion a district court's denial of a defendant's motion to withdraw a plea pursuant to Rule 11(d)(2)(B). See United States v. Davis, 583 F.3d 1081, 1089 (8th Cir. 2009). We agree with the district court's determination that the Rule 11(b) proceedings adequately demonstrate that Thomas understood the nature of the conspiracy charges in this case. We do not address this argument further.

Regarding the sentencing guideline prediction, our precedent is clear:

> A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006) (internal citation omitted); see also United States v. Ludwig, 972 F.2d 948, 949–51 (8th Cir. 1992) (holding that a failure to advise a defendant that the career offender provisions might apply did not provide a basis for plea withdrawal even though counsel calculated the likely guidelines range as 130–162 months and the actual career-offender range was 210–262 months). Accordingly, because Thomas was told of his statutory range and was also told the advisory guidelines would apply, he was not entitled to withdraw his plea.

Further, to the extent that Thomas urges us to view the dramatic increase in this case (from the estimated range of 84–90 months to the career offender range of 262–327 months) as a basis to distinguish our precedent, we reject his interpretation of the record as unreasonable. As quoted above, Thomas was advised that the 84–90 month estimate likely was a low estimate of the guidelines range due to the potential applicability of departures. He further was advised that a variance might be appropriate to take his sentence above any applicable guidelines range.

We affirm the judgment of the district court.

_____