# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3028
_____

United States of America

*Plaintiff - Appellee*

v.

Larry Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 16, 2014
Filed: June 12, 2014
[Published]

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Larry Davis was convicted of being a felon in possession of a firearm. At sentencing, the district court[1] imposed a sentence of 120 months of imprisonment after

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

applying the first-degree murder cross-reference from the United States Sentencing Guidelines Manual ("U.S.S.G.") § 2A1.1. Davis appeals the application of § 2A1.1 and the sentence. We affirm.

Davis was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing the government put on evidence to support a theory Davis had acted in concert with an unknown person in a fatal shooting. The district court found by a preponderance of the evidence Davis possessed a firearm while participating in a homicide and thus applied the first-degree murder § 2A1.1 cross-reference. The district court calculated an offense level of 43 and a guidelines sentence of life. The district court sentenced Davis to the statutory maximum of 120 months of imprisonment.

Davis appeals the application of the cross-reference and argues the district court violated Alleyne v. United States, 133 S.Ct. 2151 (2013), by applying the § 2A1.1 cross-reference without having a jury act as the fact-finder. This court reviews a district court's interpretation and application of the guidelines *de novo*. United States v. Hoffman, 707 F.3d 929, 935 (8th Cir. 2013).

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Alleyne, 133 S.Ct. at 2155, the Supreme Court extended Apprendi and held any fact which increases the mandatory minimum sentence to which a defendant is exposed is an "element" of the crime and must be submitted to the jury.

Application of the § 2A1.1 cross-reference neither increases the penalty beyond the statutory maximum, see Apprendi, 530 U.S. at 490, nor increases the mandatory minimum, see Alleyne, 133 S.Ct. at 2155. Regarding whether a jury is required,

application of a statutory maximum or minimum are to be distinguished from "fact-finding used to guide judicial discretion in selecting punishment within limits fixed by law. While such findings of facts may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern the element of sentencing." Alleyne, 133 S.Ct. at 2161 n.2 (internal quotation marks and citations omitted). The district court did not err in conducting its own fact-finding for the purposes of the § 2A1.1 cross-reference and otherwise determining the guidelines range.

Accordingly, we affirm the sentence.

_____