# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2500

_____

United States of America

*Plaintiff - Appellee*

v.

Corey Lee Steffen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 18, 2015
Filed: April 8, 2016

_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Corey Lee Steffen pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). At sentencing, the district court[1] applied an advisory guidelines cross reference because the offense involved "causing . . . a minor to

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G2.2(c)(1). The resulting advisory guidelines range was 324 to 405 months in prison. After considering the sentencing factors in 18 U.S.C. § 3553(a), the district court sentenced Steffen to 240 months, the statutory maximum sentence for a violation of 18 U.S.C.§ 2252(a)(2). Steffen appeals, arguing the district court violated his Fifth and Sixth Amendment rights as construed in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Jones v. United States, 526 U.S. 227 (1999), when it applied the cross reference based upon facts that were neither found by a jury nor admitted in his guilty plea. We affirm.

In 2012, a police officer investigating child pornography on the internet entered a public library and confronted Steffen when he concealed his laptop screen. Steffen admitted there was child pornography on the laptop; a forensic analysis of Steffen's laptop and mobile phone revealed 230 images and 80 videos of pornography involving minors. Six videos and several images captured the thirty-two-year-old Steffen engaging in sexual intercourse with a victim, A.M.W., who was fourteen years old at the time. Indicted for receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B), Steffen pleaded guilty to the receipt offense, acknowledging that the statutory range of punishment for that offense is five to twenty years in prison. § 2252(b)(1).

Prior to sentencing, the Presentence Investigation Report ("PSR") described in detail Steffen's two-year sexual relationship with A.M.W. during which he recorded, without her consent, multiple videos of their sexual conduct. Steffen emailed the videos to A.M.W. and to a friend in Las Vegas, Nevada, telling A.M.W. that he could make money through online distribution of the material. The PSR stated that § 2G2.2 of the guidelines governed Steffen's offense of conviction but recommended that the court apply the cross reference to § 2G2.1 because his offense involved producing child pornography. Steffen objected to the cross reference and to other recommended guidelines enhancements but advised the court at sentencing

-2-

there were no fact disputes that required the government to present evidence. After hearing argument, the district court adopted the facts in the PSR and overruled Steffen's objection to the cross-reference to § 2G2.1, which increased the base offense level from 22 to 32. Together with other enhancements and a decrease for acceptance of responsibility, this resulted in a total offense level of 41 and an advisory guidelines range of 324 to 405 months in prison.

Steffen argues the district court erred by applying the cross reference based on a finding that his offense conduct included producing child pornography because production of child pornography is a more serious federal offense, see 18 U.S.C. § 2251(a), (e), and its essential elements were neither found by a jury nor admitted in his guilty plea. Therefore, Steffen contends, the sentence violated his constitutional right to have "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum . . . submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.[2]

The Sentencing Guidelines provide that a defendant's base offense level is determined on the basis of his relevant conduct, which includes "all acts and omissions . . . that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(A). "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." Id., comment. (backg'd.). Early in the mandatory guidelines era, our en banc court held that it was constitutionally permissible for the mandatory Guidelines to "allow relevant conduct, including uncharged conduct . . . to determine a sentence within the statutory maximum" of the

---

[2]The government argues we should review this contention only for plain error because, in the district court, Steffen did not object to use of the cross reference on this ground. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc), cert. denied, 546 U.S. 909 (2005). We need not address this issue because we conclude that Steffen's contention is without merit.

offense of conviction.  United States v. Galloway, 976 F.2d 414, 424 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 974 (1993).

The Supreme Court subsequently held that the mandatory Guidelines violated Apprendi's constitutional principle in United States v. Booker, 543 U.S. 220 (2005), a landmark decision that put in place an advisory guidelines regime the district court applied in sentencing Steffen.  The constitutional issue as framed by Justice Stevens in an opinion for the Court in Booker is critical to resolving the issue Steffen raises:

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment.  We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.

Id. at 233; accord Alleyene v. United States, 133 S. Ct. 2151, 2163 (2013).

In this case, Steffen does not deny that the facts on which the district court based its application of the cross reference -- Steffen secretly making pornographic videos of his sexual relations with a minor -- were relevant conduct in determining his *advisory* guidelines sentencing range.  He also concedes, as he must, that the statutory maximum sentence was not increased by these findings, and that he was in fact sentenced within the authorized statutory range.  Thus, the only effect of the findings was to influence the district court's exercise of its discretion to impose a sentence within that statutory range.  This is a constitutionally permissible effect under Apprendi as applied in Booker.  Steffen argues that the facts warranting the cross reference were elements of a separate crime, namely, the production of child pornography.  Even if true, that simply means the district court determined his *advisory* guidelines range based on uncharged relevant conduct, as § 1B1.3 of the guidelines requires and the Sixth Amendment permits.  A fact that "influences

judicial discretion" but does not "alter[] the legally prescribed punishment so as to aggravate it," need not be found by a jury. Alleyne, 133 S. Ct. at 2162-63.

Steffen argues that the cross reference established a guidelines range above the statutory maximum, "creat[ing] a situation in which anything less than the statutory maximum is extraordinary." But the same is true of any adverse sentencing factor that persuades a district court that defendant's offense conduct warrants punishment at least as severe as the statutory maximum sentence. "[T]he Sixth Amendment does not govern that element of sentencing." Alleyne, 133 S. Ct. at 2161 n.2; see United States v. Jenkins, 792 F.3d 931, 935-36 (8th Cir. 2015) (cross reference resulted in guidelines range greater than the statutory maximum); United States v. Davis, 753 F.3d 1361, 1361-62 (8th Cir.) (same), cert. denied, 135 S. Ct. 393 (2014).

Steffen's reliance on Jones v. United States is misplaced because that case turned on a question of statutory interpretation. 526 U.S. at 229. Jones was sentenced under a subsection of the federal carjacking statute that increased the statutory maximum sentence. See 18 U.S.C. § 2119(2). The Court held that the facts needed to impose that greater sentence were elements of an independent offense that must be found by a jury, not sentencing factors that may be found by the sentencing judge by a preponderance of the evidence. Jones, 526 U.S. at 252; see United States v. O'Brien, 560 U.S. 218, 224-26 (2010). Here, Steffen pleaded guilty to violating 18 U.S.C. § 2252(a)(2) and was sentenced to its statutory maximum punishment. In exercising its sentencing discretion, the district court considered uncharged conduct, that is, facts that undoubtedly could have supported additional criminal charges. But under the advisory guidelines as construed in Booker, the Sixth Amendment did not require that the court determine the additional offenses that *could have been charged* and then submit the factual elements of those offenses to a jury.

The judgment of the district court is affirmed.

_____