# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1215
_____

United States of America,

*Plaintiff - Appellee*,

v.

Garron T. Briggs,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 20, 2015
Filed: April 12, 2016
_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Garron Briggs pleaded guilty to conspiracy to distribute cocaine and to distribution of cocaine. After a presentence report recommended an enhanced advisory guideline sentence based on a pending murder charge in state court, Briggs

moved to withdraw his guilty plea. The district court[1] determined that Briggs's plea was knowing and voluntary, denied the motion, and sentenced Briggs to 300 months' imprisonment. On appeal, Briggs argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. He also contends for the first time that the sentencing enhancement under the guidelines violated his Sixth Amendment rights. We reject his claims and affirm.

## I.

In September 2012, a grand jury charged Briggs with conspiracy to distribute cocaine and distribution of crack cocaine. In June 2014, Briggs pleaded guilty to both counts without any plea agreement. At the time of his guilty plea in the federal case, Briggs had been charged in Jackson County, Missouri, with several state criminal violations, including a count of first-degree murder stemming from an alleged drug-related robbery. *State v. Briggs*, No. 1116-CR03745-01 (Mo. Cir. Ct. filed Sept. 2, 2011). At Briggs's change-of-plea hearing, his attorney explained that Briggs was pleading guilty in an effort to avoid sentencing enhancements based on the state charges and with the hope that the state court would impose a sentence concurrent to Briggs's federal sentence.

In his plea colloquy, Briggs admitted that he was guilty of both federal charges. The court advised Briggs about the rights he was waiving, the statutory minimum and maximum penalties for each offense, and the process by which an advisory guideline range would be calculated. On questioning by his attorney, Briggs acknowledged that he could not "withdraw [the plea] if we don't like how that presentence report comes out." The district court accepted Briggs's plea, finding that there was a factual basis

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

for Briggs's guilt, that Briggs made the plea knowingly and voluntarily, and that there was not probable cause to believe his counsel was ineffective.

The probation office then prepared a presentence investigation report. The applicable sentencing guideline for Briggs's offenses of conviction is USSG § 2D1.1. Section 2D1.1(d)(1) contains a cross-reference providing that, if a victim died under circumstances that would constitute first-degree murder under 18 U.S.C. § 1111, the district court should apply USSG § 2A1.1 if the resulting offense level is greater than the defendant's offense level under § 2D1.1. The probation office concluded that the cross-reference applied based on Briggs's charge of first-degree murder, because the murder was in furtherance of the conspiracy to which Briggs pleaded guilty.

The cross-reference increased Briggs's base offense level from 32 to 43. *Compare* USSG § 2D1.1(c)(5) (2013), *with id.* § 2A1.1. Based on an offense level of 43 and a criminal history category of III, the probation office calculated an advisory guideline sentence of life imprisonment. Briggs objected, arguing that he should have received a two-level reduction for acceptance of responsibility and that the report improperly relied on the unadjudicated state murder charge.

Shortly before his sentencing hearing, Briggs moved *pro se* for appointment of new counsel, asserting that his attorney "has been completely ineffective, and an irrevocable breakdown in the attorney client relationship has occurred." Briggs alleged that his attorney failed to investigate the case, failed to develop a trial strategy, and misled him about the nature of his plea. As a result of these alleged deficiencies, Briggs said he was "forced . . . into [*sic*] unwillingly plead guilty in the eleventh hour before trial."

At the beginning of Briggs's sentencing hearing, the district court addressed the motion for appointment of new counsel. Briggs clarified that the purpose of his motion was to withdraw his guilty plea, but if withdrawal was not possible, then he

did not object to his attorney's continued representation. Briggs told the court that he "didn't understand the plea that [he] took" and entered his plea expecting a lower offense level, with the possibility that his offenses would be reduced to lesser-included class B felonies. The court reminded Briggs that it made no representations about sentencing at the change-of-plea hearing. After finding that Briggs's plea was knowing and voluntary, the court denied Briggs's motion to withdraw his guilty plea. Briggs then orally withdrew his motion for new counsel.

In the evidentiary phase of the hearing, the government called a detective from the Kansas City, Missouri Police Department who had been involved in the state investigation of Briggs. According to the detective, Briggs and a co-defendant were charged with murdering one man and shooting the man's girlfriend in the head while trying to recover money and cocaine that had been stolen from them in an earlier burglary. The surviving victim identified Briggs as the shooter in a recorded statement. The recording was received as evidence.

The district court ruled that the cross-reference to USSG § 2A1.1 applied, because the government established by clear and convincing evidence that the murder occurred and was relevant conduct to Briggs's conspiracy offense. The court further determined that Briggs was not entitled to a reduction for acceptance of responsibility. Accordingly, the district court found an advisory guideline range of life imprisonment. After considering Briggs's allocution and the sentencing factors in 18 U.S.C. § 3553(a), the court varied downward from the advisory range and sentenced Briggs to concurrent sentences of 300 months' imprisonment on each count.

## II.

Briggs reiterates on appeal that the district court erred by not allowing him to withdraw his guilty plea. Pleading guilty is a "solemn act not to be set aside lightly."

*United States v. Pacheco*, 641 F.3d 970, 973 (8th Cir. 2011) (quoting *United States v. Bowie*, 618 F.3d 802, 810 (8th Cir. 2010)).  After the district court has accepted the guilty plea, a defendant may withdraw his plea prior to sentencing for a "fair and just reason."  Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006).  We review the district court's denial of Briggs's motion to withdraw his plea for abuse of discretion.  *United States v. Thomas*, 705 F.3d 832, 834 (8th Cir. 2013) (per curiam).

In the district court, Briggs argued that he did not understand his guilty plea, and therefore should have been allowed to withdraw the plea.  Briggs told the district court that he expected an offense level of 32 and an opportunity to argue that his convictions should be reduced to lesser-included offenses with a statutory maximum sentence of forty years' imprisonment.  In his *pro se* motion, Briggs blamed this confusion on "misleading information" and "false promises" from his attorney.

Under circuit precedent, misapprehension about the applicable guidelines calculation is not a fair and just reason to withdraw a plea, even if the confusion stemmed from erroneous legal advice.

> A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case.  So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding.  This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

*Ramirez-Hernandez*, 449 F.3d at 826 (citations omitted). Briggs argues that *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Padilla v. Kentucky*, 559 U.S. 356 (2010), undermine *Ramirez-Hernandez*, but those decisions concern the Sixth Amendment

right to effective assistance of counsel during plea bargaining and do not address the scope of Rule 11.

Here, the district court explained to Briggs the statutory range of punishments for both counts of the indictment. The court further advised Briggs that it would order preparation of a presentence report and advised Briggs how the court would calculate a sentencing range. Therefore, Briggs is not entitled to withdraw his plea.

On appeal, Briggs modifies his argument, now contending that his attorney's advice was not just misleading but constitutionally ineffective under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Ineffective assistance of counsel is usually best litigated in collateral proceedings, because the claim depends on a factual record beyond that created in the criminal case. *United States v. Payton*, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999). As no record was developed on a Sixth Amendment claim in the district court, any claim of ineffective assistance of counsel should be raised in a motion under 28 U.S.C. § 2255.

III.

Briggs argues alternatively that the district court, by applying the cross-reference to USSG § 2A1.1 and sentencing him based on the increased advisory guideline range, violated his Sixth Amendment right to trial by jury. The Supreme Court has held that the Sixth Amendment requires that any fact "essential to the punishment" must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Briggs asserts that the § 2A1.1 cross-reference is essential to his punishment because without it, he contends, a 300-month sentence would have been substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because application of the cross-reference relied on judicial fact-finding, Briggs maintains that the sentence violates the Sixth Amendment. Briggs

-6-

forfeited this argument in the district court, so we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993).

This court has held that applying the cross-reference to USSG § 2A1.1 does not violate the Sixth Amendment because § 2A1.1 "neither increases the penalty beyond the statutory maximum nor increases the mandatory minimum." *United States v. Davis*, 753 F.3d 1361, 1361 (8th Cir. 2014) (per curiam) (citation omitted); *see also United States v. Jenkins*, 792 F.3d 931, 935-36 (8th Cir. 2015); *United States v. Jackson*, 782 F.3d 1006, 1013 (8th Cir. 2015). These decisions, however, do not address the precise argument that Briggs raises here. *Davis*, *Jenkins*, and *Jackson* held that the facts necessary to apply the § 2A1.1 cross-reference need not always be admitted by the defendant or submitted to the jury. Briggs poses a second-order question: Even if the cross-reference does not violate the Sixth Amendment on its face, he contends, the district court violated the Sixth Amendment here by selecting a sentence that could not lawfully be imposed based only on the facts admitted in his guilty plea. In other words, the argument goes, the judicial fact-finding in this case did increase the statutory maximum punishment.

We conclude that Briggs has failed to identify a plain error warranting relief. The plain-error standard requires an appellant to establish an error that is "obvious" or "clear under current law." *Olano*, 507 U.S. at 734. Given the discretion available to the district courts after *Gall*, and the statutory maximum terms of life imprisonment, we do not think it obvious that a sentence of 300 months' imprisonment would be substantively unreasonable for Briggs's two drug-trafficking convictions standing alone. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Even if the premise of an unreasonable sentence were satisfied, moreover, Briggs's interpretation of the Sixth Amendment is not clearly correct under current law. Briggs relies on a dissent from denial of certiorari in which three Justices opined

that "any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury." *Jones v. United States*, 135 S. Ct. 8, 8 (2014) (Scalia, J., joined by Thomas and Ginsburg, JJ., dissenting from denial of certiorari). The Court, however, has not adopted that rationale, and all eight circuits to address the issue have declined to extend *Apprendi* in this way. *See United States v. Medina*, No. 15-0445, 2016 WL 1018993, at *2 (2d Cir. Mar. 15, 2016); *United States v. Jones*, 744 F.3d 1362, 1370 (D.C. Cir. 2014); *United States v. Norman*, 465 F. App'x 110, 120-21 (3d Cir. 2012) (citing *United States v. Grier*, 475 F.3d 556, 564-65 (3d Cir. 2007) (en banc)); *United States v. Hernandez*, 633 F.3d 370, 373-74 (5th Cir. 2011); *United States v. Treadwell*, 593 F.3d 990, 1017 (9th Cir. 2010); *United States v. Ashqar*, 582 F.3d 819, 824-25 (7th Cir. 2009); *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008); *United States v. Redcorn*, 528 F.3d 727, 745-46 (10th Cir. 2008). Although the *Jones* dissent shows that there is room for debate, we do not believe that all of these courts are obviously wrong. Accordingly, there was no plain error, and Briggs is not entitled to relief.

*       *       *

The judgment of the district court is affirmed.

_____