# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1798

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Miranda-Ortiz, also known as Jose Orlando Soriano-Quijada

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 6, 2017
Filed: June 29, 2017
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brian Miranda-Ortiz pled guilty to one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Before sentencing, he filed several motions to withdraw his plea and proceed to trial under

Federal Rule of Criminal Procedure 11(d)(2)(B). The district court[1] denied the motions and this appeal ensued. With jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Miranda-Ortiz entered his guilty plea in the district court on April 3, 2015. Between July 2015 and March 2016—before his sentencing—he filed five separate motions to withdraw the plea. In the first motion, filed on his behalf by counsel, Miranda-Ortiz raised four grounds for withdrawing the plea:

> 1. The Defendant believes the plea agreement he entered into with the Government is not beneficial for him but, in fact, is the same as if he plead [sic] directly to the Court or went to trial and received the mandatory minimum;
> 2. The Defendant believes there are suppression issues he would now like to litigate, such as his seizure and arrest and the search of his business premises following his seizure;
> 3. The Defendant indicates he did not agree to forfeit the money seized by the Government in this matter; [and]
> 4. According to the Defendant, the Government told him he would be given safety valve which was the sole reason he plead [sic] guilty but the Government . . . will deny safety valve[.]

Later, Miranda-Ortiz filed a pro se motion that restated the four arguments from the first motion and also added the following grounds for withdrawal:

> 1. I did not sign my name to the plea agreement[;] . . .
> [2]. The cell phone they found at my business was not mine and the phone records will prove it[;] . . .
> [3]. The DEA Agents threatened to take my children away[;] . . .
> [4]. I felt pressured, threatened, and scared, because I did not

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

understand the proceeding or what was going on at the time[;] . . . [and]

[5]. I did not sign my name or print and sign my name to the plea agreement.

In a declaration supporting his pro se motion, Miranda-Ortiz added a claim of ineffective assistance of counsel as well as a claim that the plea agreement was initially identified by the court using an erroneous case number.

The district court held a hearing on November 13, 2015, in which Miranda-Ortiz was given several opportunities to articulate a legitimate basis upon which the court could find a fair and just reason warranting plea withdrawal. Miranda-Ortiz read from a prepared document detailing his desire to withdraw his plea. When asked specifically by the court, Miranda-Ortiz admitted it was his signature on the plea document—contrary to representations he had previously made in his pro se motion. Additionally, using a transcript from the plea hearing, the court asked Miranda-Ortiz several questions related to that hearing and his purported justifications for plea withdrawal.

Following the motion hearing, the district court issued an order denying the motions to withdraw the guilty plea. The court found that, contrary to Miranda-Ortiz's claim that he was coerced into his plea, the plea hearing transcripts and his own accounts of that hearing clearly demonstrated that he entered the plea knowingly and voluntarily. As to the remaining withdrawal arguments, the court concluded that Miranda-Ortiz had merely developed "buyer's remorse" about his plea and was not entitled to relief.

Miranda-Ortiz subsequently filed three more pro se motions seeking to withdraw his guilty plea. Aside from the arguments already asserted in prior motions, the additional motions raised a Sixth Amendment confrontation claim. The district court denied the motions. Miranda-Ortiz was sentenced to 120 months imprisonment.

-3-

## II.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Briggs, 820 F.3d 917, 920 (8th Cir. 2016). "It is well settled that a defendant does not have an absolute right to withdraw a guilty plea before sentencing." United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995). Indeed, "[p]leading guilty is a solemn act not to be set aside lightly." Briggs, 820 F.3d at 919 (internal quotation marks omitted). Once it is accepted by the court, a guilty plea may be withdrawn prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010) (quoting Fed. R. Crim. P. 11(d)(2)(B)).

On appeal, Miranda-Ortiz abandons most of the arguments he raised before the district court and instead narrows his position to the allegations that "[h]e was confused and misled by the advice of his attorney, and he felt coerced into pleading guilty." Specifically, he argues that (1) he was misled into believing that he would qualify for a two-level "safety valve" reduction in his sentencing assessment, and (2) he believed he could prove his innocence at trial because a federal agent misidentified him at his detention hearing. These assertions are belied by the record of the change of plea hearing in the district court. We address each argument in turn.

First, with respect to the safety valve reduction, Miranda-Ortiz was told during the change of plea hearing that, "right now today you're not safety valve eligible." He acknowledged that he understood that he was not safety valve eligible and that, in order to become safety valve eligible, he would have to perform a "safety valve proffer" in which he must sit down with the government and provide truthful information about his offense conduct. See 18 U.S.C. § 3553(f)(5). After he performed the safety valve proffer, the government informed his attorney, who was also present at the proffer, that Miranda-Ortiz had not responded truthfully to questions about his offense conduct. The government asserted that Miranda-Ortiz

repeatedly mischaracterized and minimized his role in the drug trafficking conspiracy and, on three occasions, provided demonstrably false information. Miranda-Ortiz does not challenge the government's characterization of the safety valve proffer. With no evidence to the contrary, we conclude that Miranda-Ortiz was not misled into believing he qualified for a safety valve reduction.

Second, as to Miranda-Ortiz's position that he could prove his innocence at trial, the record again provides no basis for relief. This argument is based on a sentence in a letter by Miranda-Ortiz to the district judge stating, "I maintain my innocence in this matter," in addition to the following statement from one of his pro se withdrawal motions: "I believe I can win at a suppression hearing, because the DEA Agent did not identify me at a hearing, but identified someone else instead under oath." Miranda-Ortiz's claim of innocence is, like many of his other assertions to this court, explicitly contradicted by his own statements to the district court. At the change of plea hearing, Miranda-Ortiz conceded that he participated in a methamphetamine trafficking conspiracy in which he played the role of a "middleman" by facilitating drug transactions between buyers and sellers. To the extent Miranda-Ortiz feels he made a mistake pleading guilty because he might have succeeded in suppressing identification evidence, a plea withdrawal is unwarranted. See Newson, 46 F.3d at 732 ("The plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom.") (internal quotation marks omitted).

Contrary to Miranda-Ortiz's arguments, the record establishes that he entered his guilty plea knowingly and voluntarily. Miranda-Ortiz expressly acknowledged that he and his attorney had gone over many different versions of the plea agreement together, that they had asked the government for multiple changes to the agreement, and that the plea agreement reflected the various changes they had requested. Miranda-Ortiz further admitted that his attorney had answered all of his questions and had given him the time he needed to decide to plead guilty. Miranda-Ortiz expressly confirmed that he had signed the agreement. Finally, Miranda-Ortiz agreed that his

attorney had his best interests in mind and confirmed that he was satisfied with his attorney's representation "the whole way through."

We agree with the district court that the numerous inconsistencies between Miranda-Ortiz's testimony in open court and his allegations supporting withdrawal preclude a finding that "fair and just" reasons exist to set aside the guilty plea. We have previously explained that a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008) (alteration in original) (internal quotation marks omitted); United States v. Fitzhugh, 78 F.3d 1326, 1329 (8th Cir. 1996). In Green, for instance, we upheld the denial of a motion to withdraw a guilty plea because the defendant's "self-serving, post-plea claims that he was . . . unable to voluntarily choose to plead guilty fl[ew] directly in the face of his own plea hearing testimony." 521 F.3d at 932 (first alteration in original) (internal quotation marks omitted). Likewise, here Miranda-Ortiz seeks to withdraw his guilty plea for reasons that are directly contradicted by his own previous testimony. The district court thoroughly considered Miranda-Ortiz's arguments and was satisfied that he entered his plea knowingly and voluntarily. We find no abuse of discretion in that determination.

## III.

For the reasons discussed herein, the district court's dismissals of Miranda-Ortiz's motions to withdraw his guilty plea are affirmed.

_____