# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-1455

_____

United States of America

*Plaintiff - Appellee*

v.

Nora Gilda Guevara Triana

*Defendant - Appellant*

_____

No. 22-2386

_____

United States of America

*Plaintiff - Appellee*

v.

Tanner J. Leichleiter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 14, 2023
Filed: August 15, 2023

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Nora Gilda Guevara Triana and Tanner Leichleiter were convicted in district court[1] on charges arising out of the kidnapping of Guevara's minor grandchildren. Guevara appeals her conviction for aiding and abetting kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 2, and Leichleiter appeals his conviction for being a prohibited person in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). We affirm.

## I. BACKGROUND

On April 19, 2020, Guevara began arguing with her daughter Karen De La Garza. Guevara prevented De La Garza from leaving the motel room where they were staying and used a hammer to smash De La Garza's phone and smart watch. At Guevara's urging, Leichleiter took De La Garza's two minor children and fled. De La Garza was eventually able to escape in the early morning hours of April 20 and called the police. When law enforcement met with De La Garza, she informed the officers that Leichleiter had taken her children without her permission. Law enforcement arrested Guevara and issued an Amber Alert for the children. Guevara told law enforcement during a recorded interview that the children were safe but refused to provide their location. Guevara stated Leichleiter took the children as a favor to her so she could teach De La Garza a lesson.

Leichleiter fled with the children to a residence in Harvard, Nebraska. After arriving at the house, Leichleiter learned that Guevara had been arrested for kidnapping the children. Armed with this knowledge, Leichleiter put the children in

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

his vehicle and drove from Nebraska to Kansas. The children, shoeless and not in car seats, rode in the backseat of the vehicle. During the trip to Kansas, Leichleiter told the children to duck down and hide so they would not be recognized by law enforcement. The vehicle was eventually recognized from the Amber Alert and law enforcement effectuated a stop. Inside the vehicle, officers found the children; ten firearms, one of which had a loaded clip; loose ammunition; and marijuana. Both the firearms and the marijuana were within reach of the children.

Leichleiter was indicted for kidnapping and aiding and abetting kidnapping and for being a prohibited person in possession of firearms. The day before his trial was set to begin Leichleiter signed a form entitled Petition to Enter a Plea of Guilty. On that form, Leichleiter wrote that he believed he was guilty of possessing a firearm for sporting purposes while being an unlawful user of marijuana. At the change of plea hearing, after being fully advised of the nature of the firearms charge, the penalties he faced, the role of the Sentencing Guidelines, and his constitutional rights, Leichleiter entered an open plea of guilty to the firearms charge. The factual basis provided by the prosecutor indicated that the evidence at trial would show Leichleiter was a drug user at the time ten firearms and narcotics were recovered from Leichleiter's vehicle during a traffic stop. When asked if the government would be able to prove these facts, Leichleiter responded, "Yes, sir."

Guevara and Leichleiter both proceeded to trial on the kidnapping charge. The court admitted, over Guevara's objection, excerpts from her recorded interview with law enforcement. The jury found Guevara guilty of kidnapping and Leichleiter not guilty of the charge. Guevara was sentenced to a term of 100 months' imprisonment. Guevara appeals, asserting (1) the district court erred in refusing to admit the full recording of her interview with law enforcement; (2) the district court erred in instructing the jury and preparing the jury verdict form; and (3) the evidence was insufficient to sustain the conviction.

Prior to his sentencing on the firearms count, Leichleiter filed several objections to the Presentence Investigation Report and moved the court to enforce

-3-

what he believed to be the terms of his guilty plea. Leichleiter claimed that his guilty plea cabined the base offense level at 6 rather than 20, as determined by the probation officer, because he had stated on the pre-plea petition form that the firearms were possessed for sporting purposes. Leichleiter also objected to the probation officer's determination that he possessed the firearms in relation to felony child abuse. The district court issued tentative findings that overruled all Leichleiter's objections, informed Leichleiter that it did not intend to apply the probation officer's suggested reduction for acceptance of responsibility, and denied Leichleiter's motion to adopt his proposed Sentencing Guidelines calculation. Leichleiter then unsuccessfully moved to withdraw his guilty plea. The district court found Leichleiter's attempt to withdraw his plea ten months later was essentially an attempt to bifurcate a trial that should not have been bifurcated. Ultimately, the court found that Leichleiter's advisory Sentencing Guidelines range was 78 to 97 months and imposed a within-Guidelines sentence of 96 months' imprisonment.

Leichleiter appeals, asserting the district court erred when it (1) declined to grant his motion to withdraw his plea; and (2) committed procedural error in calculating his Sentencing Guidelines range.

## II. DISCUSSION

### 1. Leichleiter's Motion to Withdraw Guilty Plea

While a defendant may withdraw a guilty plea for a "fair and just reason," Fed. R. Crim. P. 11(d)(2)(B), we have noted that pleading guilty is a solemn act not lightly set aside. United States v. Briggs, 820 F.3d 917, 919 (8th Cir. 2016). A misunderstanding of how the Sentencing Guidelines apply in a defendant's case is not a permissible reason to withdraw a guilty plea. Id. at 920. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. Id.

Leichleiter contends the district court should have granted his motion to withdraw his plea because it failed to advise him at the time of his plea that the court

-4-

was not bound by his pre-plea petition statement that he possessed the firearms for sporting purposes. The plea here was open and no binding version of the facts was presented to the court. At the hearing, Leichleiter neither objected to the government's factual basis nor made any statement qualifying the reason for his firearms possession. Moreover, contrary to Leichleiter's belief, the sporting purposes subsection of the Sentencing Guidelines would not fairly apply to his offense conduct. Ten firearms were recovered from Leichleiter's vehicle. The sporting exception is inapplicable when a firearm falls within § 2K2.1(a)(4). See U.S.S.G. § 2K2.1(b)(2). The district court found that one of the firearms met the definition of a semiautomatic firearm capable of accepting a large-capacity magazine under § 2K2.1(a)(4)—a factual finding that Leichleiter does not challenge and is not clearly erroneous. In addition, the district court specifically informed Leichleiter, and Leichleiter acknowledged, at his plea hearing that the sentence imposed could be different from the sentence he or his lawyer expected. Leichleiter has not offered a fair and just reason for withdrawing his plea. The district court did not abuse its discretion in denying his motion to withdraw his guilty plea.

## 2. *Leichleiter's Sentence*

When reviewing a sentence for procedural error, we apply a clear error standard to the district court's factual findings and *de novo* review to the district court's application of the Sentencing Guidelines. United States v. Ayres, 929 F.3d 581, 583 (8th Cir. 2019).

Leichleiter first claims the district court erred by increasing his base offense by four levels, contending he did not possess firearms in connection with another felony offense. The district found Leichleiter used or possessed firearms in connection with Nebraska felony child abuse. See U.S.S.G. § 2K2.1(b)(6)(B). In Nebraska, a person commits child abuse if, in relevant part, he knowingly, intentionally, or negligently causes or permits a minor child to be "[p]laced in a situation that endangers his or her life or physical or mental health." Neb. Rev. Stat. § 28-707. "Endangers" is defined as exposing a minor child's life or health to danger

or the peril of probable harm or loss. State v. Ferguson, 919 N.W.2d 863, 881 (Neb. 2018). Because Leichleiter had not been convicted of child abuse, the district court had to find by a preponderance of the evidence that the offense was committed, and the use or possession of a firearm facilitated the felony offense. United States v. Mathis, 911 F.3d 903, 907 (8th Cir. 2018).

The children Leichleiter kidnapped were four and seven years old. They were found by law enforcement without car seats or shoes in a vehicle with firearms and marijuana within their reach. On this evidence, it is not error, clear or otherwise, to find that Leichleiter endangered the children's "life or physical or mental health." Nor did the district court err when it found to a preponderance of the evidence that Leichleiter's possession of firearms facilitated the child abuse. Our precedent establishes that if a defendant keeps a firearm at an easily accessible location while committing a felony offense, the sentencing court may infer that the firearm emboldened the defendant to engage in the unlawful act. Id. at 908. The district court's findings support the application of § 2K2.1(b)(6)(B).

Leichleiter next claims the district court erred when it refused to decrease his offense level for acceptance of responsibility. A district court's factual determination regarding a defendant's entitlement to acceptance of responsibility is entitled to great deference, and we will reverse only if the determination is "so clearly erroneous as to be without foundation." United States v. Bastian, 603 F.3d 460, 465 (8th Cir. 2010). Here, the district court found Leichleiter showed no remorse for his conduct. The court noted Leichleiter only decided to plead guilty the day before trial and found his later attempt to withdraw his plea demonstrated a lack of acceptance. We have upheld a district court's refusal to adjust a defendant's offense level for acceptance of responsibility when he attempted to withdraw his guilty plea. See, e.g., id.; United States v. Newson, 46 F.3d 730, 734 (8th Cir. 1995). Leichleiter has shown no reversible error regarding the court's refusal to adjust his Sentencing Guidelines range for acceptance of responsibility.

### 3. *Guevara's Sufficiency of the Evidence Arguments*

Guevara contends the evidence presented at trial was insufficient to sustain her conviction because the government failed to demonstrate that De La Garza did not consent to Guevara taking the children. We review sufficiency of the evidence claims *de novo*, viewing the evidence in a light most favorable to the verdict. <u>United States v. Hill</u>, 410 F.3d 468, 471 (8th Cir. 2005). Our inquiry is whether no reasonable jury could have found Guevara guilty beyond a reasonable doubt. <u>See United States v. Harlan</u>, 815 F.3d 1100, 1106 (8th Cir. 2016).

Conduct giving rise to the offense of kidnapping under 18 U.S.C. § 1201(a) includes: (1) seizing, confining, inveigling, decoying, kidnapping, abducting, or carrying away a person; and (2) holding that person for ransom, reward, or otherwise. <u>United States v. Lussier</u>, 844 F.3d 1019, 1023 (8th Cir. 2017) (citing <u>Chatwin v. United States</u>, 326 U.S. 455, 459 (1946)). The statute also requires, in relevant part, the willful transportation of a person in interstate or foreign commerce. 18 U.S.C. § 1201(a)(1). The evidence presented at trial was more than sufficient to support the jury's guilty verdict. Guevara told law enforcement in a recorded interview that she directed Leichleiter to take the children because she was going to teach De La Garza a lesson. De La Garza testified that she did not give consent to Leichleiter to take the children and that Guevara told her that Leichleiter was going to take the children because De La Garza did not love them, did not deserve to be their mother, and was not going to be able to see them ever again. De La Garza also testified that Guevara physically restrained her, prevented her from leaving the motel with the children, and destroyed her phone and smart watch. Leichleiter transported the children across state lines. The record contains more than sufficient evidence for a reasonable jury to find Guevara guilty of aiding and abetting kidnapping.

### 4. *Jury Instructions and Verdict Form*

Guevara next challenges the district court's instructions to the jury that she was charged with kidnapping "and" aiding and abetting kidnapping. We generally review a challenge to a jury instruction for abuse of discretion. United States v. Gill, 513 F.3d 836, 849 (8th Cir. 2008). When reviewing jury instructions, we determine whether the instructions, when taken as a whole and viewed within the light of the evidence and the law, fairly and adequately submitted the issues to the jury. United States v. Beckman, 222 F.3d 512, 520 (8th Cir. 2000). We also apply harmless error review to instructional error. United States v. Janis, 810 F.3d 595, 598 (8th Cir. 2016). We may disregard an error in the jury instructions if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error. Id.

In Instruction No. 7, the jury was instructed that Guevara and Leichleiter were charged with kidnapping and aiding and abetting. Instruction No. 8 correctly set forth the elements for "[t]he crime of kidnapping, as charged in Count I of the indictment." The instruction also informed the jury that the offense may be committed even if a defendant did not personally do every act constituting the offense charged. It correctly identified the elements necessary for the jury to find Guevara guilty of aiding and abetting kidnapping. The special verdict form undeniably separated the single count against Guevara into two parts: kidnapping and aiding and abetting kidnapping. But, according to Guevara, instructing the jury that she was charged with both kidnapping and aiding and abetting constituted a constructive amendment of the indictment. Under the facts of this case, her argument is without merit.

A constructive amendment "occurs when the essential elements of the offense as charged in the indictment are altered in such a manner that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." United States v. Shavers, 955 F.3d 685, 694 (8th Cir. 2020) (cleaned up). When evaluating whether an indictment was constructively amended, we consider the jury instructions as a whole and whether they created a substantial likelihood that the defendant was convicted of an uncharged offense. Id.

Instruction No. 7 mirrored the language of the indictment and did not alter the elements of the charged offense. Any imprecision in Instruction No. 7 was remedied by Instruction No. 8, which set forth the elements of the crime and made clear that aiding and abetting is simply a manner and method of committing the crime of kidnapping. Once the jury found Guevara guilty of kidnapping, it is immaterial whether she acted as a principal or as an aider and abettor. See United States v. McKnight, 799 F.2d 443, 445 (8th Cir. 1986) (holding aiding and abetting is an alternative charge in every count and can even be implicitly charged). While Instruction No. 7 was not a model of clarity when it stated the defendants were charged with kidnapping "and" aiding and abetting, it is clear beyond a reasonable doubt that a rational jury would have found Guevara guilty absent the alleged error.

### 5. *Admission of the Recorded Interview*

Guevara contends that she did not receive a fair trial because the district court overruled her request to admit the full recording of her interview with law enforcement. We review this alleged evidentiary ruling for a clear abuse of discretion. United States v. Farrington, 42 F.4th 895, 900 (8th Cir. 2022), cert. denied, 143 S. Ct. 505 (2022)).

Under Federal Rule of Evidence 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Rule 106 "operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement." United States v. Ali, 47 F.4th 691, 699 (8th Cir. 2022).

As the party urging the admission of excluded portions of the recording, Guevara bears the burden of specifying the portions of the recording that were relevant to an issue at trial and that qualified or explained the admitted portions of the recording. See id. at 700. Guevara has never identified the parts of the recording

that were necessary to explain the admitted portions; rather, she contends only that the district court deprived her of her right to a fair trial by refusing to play the entire recording to the jury. Guevara has neither satisfied her burden of showing a violation of Rule 106 nor has she specified how the refusal to play the entire recording deprived her of a fair trial. The district court did not abuse its discretion when it overruled her request to play the entire recording.

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgments of the district court.

_____