# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1553

_____

United States of America,          *
          *
      Plaintiff – Appellee,      *
          *   Appeal from the United States
    v.              *   District Court for the Western
          *   District of Missouri.
Dustin Taylor,          *
          *
      Defendant – Appellant.   *

_____

Submitted: November 13, 2007
Filed: February 8, 2008

_____

Before MELLOY, BEAM, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Pursuant to a plea agreement, Dustin Taylor pled guilty to an information charging him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Under the plea agreement, Taylor waived his rights to appeal his guilt and sentence. Subsequently, he moved to withdraw his guilty plea before and during the sentencing hearing. The district court denied Taylor's motions, finding that Taylor did not have a fair and just reason to withdraw his plea. See Fed. R. Crim. P. 11(d)(2)(B). Taylor appeals the district court's denial of his motions to withdraw his guilty plea. Taylor now claims that he was under the influence of marijuana and lithium, a depression medication, at his change of plea hearing and suffered from bipolar disorder, and thus he did not knowingly and voluntarily enter a guilty plea.

Taylor also alleges that the district court failed to conform the hearing to the requirements of Rule 11.  See Fed. R. Crim. P. 11(b).  We affirm.

## I.  Background

### A.  Change of Plea Hearing

At the change of plea hearing on August 30, 2006, Taylor pled guilty to the charge of being a felon in possession of ammunition.  The district court questioned Taylor, his counsel, and a pretrial services officer regarding Taylor's drug use, medical history, mental state, and understanding of the proceedings.  The court asked Taylor whether he was "<u>now</u> under the influence of any alcohol, drugs, or medication."  Taylor responded that he was only under the influence of lithium, a depression medicine he had been taking for the past couple months.  The court asked Taylor whether he considered himself competent to enter a guilty plea, and Taylor responded affirmatively, "Yes, sir, I do."  The district court asked if Taylor was or had been diagnosed with any mental disease, excluding his recent depression diagnosis.  Taylor answered affirmatively, but stated that his memory was not good and turned to the officer.  The officer stated he was only aware of Taylor's recent depression and anxiety issues.

Taylor insisted that he had been diagnosed with another mental disease when he was in his early twenties (he was twenty-nine at the time of the plea), had received medication, but did not take the medication because he "was young and dumb."  The officer suggested that Taylor was referring to information that Taylor received from prior counsel who advised him that he might have had post-traumatic stress disorder.  The court asked Taylor about the officer's suggestion, and Taylor agreed that it was what he was referring to, but stated, "Yeah, bipolar."  The court asked, "Bipolar?"  Taylor nodded his head.  The court asked Taylor's then-current counsel about Taylor's post-traumatic stress disorder.  Taylor's counsel stated that Taylor might

have previously been diagnosed with bipolar disorder and post-traumatic stress disorder, but the diagnoses were not recent. Taylor interjected, "Huh-uh. No." Taylor's counsel continued: "when I have met with Dustin, which has been on several occasions and spoken with him on the phone, I believe all of his responses are appropriate and I believe he is competent."

The court told Taylor that by pleading guilty, Taylor was waiving some of his rights. Taylor acknowledged this fact. The court explained many of these rights, including the right to counsel at trial, the right to a presumption of innocence, the right to a jury trial, and the right to call witnesses. The court then asked Taylor if he understood the waiver of those rights, and Taylor stated, "Yes, sir, I do." The court inquired about the plea agreement, and Taylor said that his counsel read the agreement to him and answered his questions about it and that they discussed its terms. Taylor stated that he understood the terms in the agreement and understood that they all applied to him. The court directed Taylor to specific paragraphs detailing facts of the offense, statutory penalties, conditions of supervised release, and waiver of appellate rights. Taylor acknowledged that he understood the terms within each of those paragraphs.

The court asked: "Do you understand that once I accept your plea of guilty today—that'll be when I do that—that I'm not going to let you later withdraw it just because you change your mind?" Taylor responded, "Yes, sir." The court asked Taylor again if he understood, and Taylor responded affirmatively. Taylor acknowledged that he could not withdraw his plea of guilty just because he might dislike the sentence that the court could give to him. Taylor denied that anyone pressured or coerced him into making the plea or promised him what the court would do at sentencing. Taylor stated that he had had sufficient time to discuss his decision to plead with counsel and was satisfied with his counsel's representation.

Ultimately, the court found "that the defendant understands the charge against him and the consequences of his plea" and that "[t]he defendant has been advised of his rights, understands them, and voluntarily and intelligently waives those rights." The court found that Taylor did not suffer from a mental disease that "would affect his ability to understand the nature and consequences of his acts." The court also found that the lithium did not affect Taylor's ability to assist counsel in his defense. The court found that "[t]he defendant's decision to plead guilty has been made freely and voluntarily and without coercion."

When the court brought up the topic of bond, the court acknowledged that Taylor tested positive for marijuana that morning and stated "that's not very smart." The court noted that Taylor repeatedly had violated some conditions of his release on bond following his initial appearance before a magistrate judge. The court stated that "the one issue you need to get under control is your drug use because that'll just get you in trouble some more." The court did not discuss the marijuana test's implications on Taylor's ability to knowingly and voluntarily enter a guilty plea.

### B. Motions to Withdraw Guilty Plea

A probation officer submitted a final presentence investigation report on November 30, 2006. The probation officer recommended a denial of an adjustment for acceptance of responsibility for Taylor's ongoing unlawful conduct while released on bond during pretrial supervision. Taylor had contact with a government witness and thrice tested positive for marijuana. Taylor was also charged with third degree assault. In addition, Taylor declined to discuss the offense of conviction with the probation officer during a presentence investigation interview and provided a written statement instead. The probation officer's recommendation against an adjustment for acceptance of responsibility contrasted with the government's position in the plea agreement that the government would file a written motion for such an adjustment.

On December 12, 2006, Taylor's counsel moved to withdraw as counsel because Taylor requested her withdrawal and the appointment of new counsel. Taylor's counsel cited an irreconcilable conflict and ineffective communication between Taylor and herself. A magistrate judge granted leave to Taylor's counsel and appointed new counsel on December 19, 2006.

In a pro se filing on January 18, 2007, Taylor gave notice of his intent to withdraw his "involuntary" plea of guilty at the next scheduled hearing in his case. He "[sought] to contest the merits of this matter on the grounds that he [was] not guilty, there [was] no factual basis for the plea, and the plea violate[d] due process, as counsel coerce[d] or otherwise undermined the procedure." In a pro se motion mailed on February 18, 2007, Taylor moved the district court for an order, based on his unopposed January 18 filing, to withdraw the purportedly involuntary plea entered under the coercion of his first counsel.

On February 23, 2007, the district court considered Taylor's motions pursuant to Federal Rule of Criminal Procedure 11(d). After reviewing the transcript of Taylor's change of plea hearing, the district court first found that it had already accepted the plea agreement and that Taylor admitted the government's allegations under oath. The court next noted that Taylor had stated his understanding that he could not later withdraw his guilty plea if he changed his mind, had admitted no one coerced his plea, and acknowledged his satisfaction with the representation of his counsel. The court found that Taylor failed to show a fair and just reason for requesting withdrawal.

On March 1, 2007, Taylor filed pro se objections to the district court's denial of his motions. Taylor, for the first time, asserted that he was under the influence of two drugs during the change of plea hearing, and as a result, he failed to make a knowing and voluntary plea. He also requested an evidentiary hearing regarding his innocence.

On March 1, 2007, the district court considered Taylor's March 1 motion. After reviewing the transcript of the change of plea hearing, the district court found that Taylor testified under oath that he was competent to enter a plea and voluntarily entered it. The court denied Taylor's motion and did not disturb its February 23 order.

On March 5, Taylor wrote a letter to the district court. Taylor alleged that he "was made to plea" guilty without understanding that he was admitting guilt to an offense he did not commit and without understanding that he was waiving substantial constitutional rights. As the result of being under the influence, he only "vaguely remember[ed] the mistake [he] made." He again alleged that his first counsel coerced his involuntary plea.

## C. Sentencing Hearing

On March 5, 2007, the district court began Taylor's sentencing hearing by acknowledging receipt of Taylor's March 5 letter and denying it, to the extent it was a request for the court to reconsider its February 23 order. The court explained that it had discussed all plea-related factors with Taylor at the change of plea hearing and that Taylor had understood and agreed to the change of plea. The court concluded that Taylor had simply changed his mind.

Taylor claimed that he lied under oath when he pled guilty to possession of ammunition. He explained that on "that morning I tested positive for marijuana and I was in a bad state on depression." He alleged that he and his first counsel both had psychiatric evaluations performed and that his counsel read her evaluation instead of his evaluation. Taylor questioned this action, and his counsel allegedly stated "if the judge would have heard [Taylor's], then he'd have locked [Taylor] up indefinitely in a mental institution." Taylor also alleged that although he testified under oath that he was satisfied with his first counsel's representation, he lied and actually was unhappy with her representation. He wrote a letter to send to the court about his dissatisfaction,

but he did not mail it after his counsel read it, begged him not to mail it, and agreed to withdraw from the case. In the letter, Taylor allegedly discussed being threatened and promised certain things. He alleged that his counsel told him what to say in court—plead guilty to being a felon in possession of ammunition, even though he was charged with being a felon in possession of a firearm.

The district court asked Taylor whether he understood what it meant to tell the truth under oath the day of his change of plea hearing. Taylor responded he understood then and that he "understood a lot of things that day." The district court stated that he would abide by the record of the change of plea hearing and stick with the guilty plea made therein.

After considering the Guidelines and other § 3553(a) factors, the district court sentenced Taylor to 100 months' imprisonment and three years of supervised release.

## II. Discussion

### A. Waiver of Appellate Rights

We first discuss whether Taylor's waiver of appellate rights bars him from seeking relief in this court. "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc); see United States v. McIntosh, 492 F.3d 956, 959 (8th Cir. 2007). In the plea agreement, Taylor waived "his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement" and waived "his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence." In his appeal, Taylor's argument goes to the fundamental Andis issue of whether the plea agreement, which contained the appeal waiver, was entered

into knowingly and voluntarily. In essence, he is arguing that if he was not competent to plead, he could not knowingly and voluntarily enter into a plea agreement that contained an appeal waiver. We agree the appeal waiver does not foreclose our consideration of the competency issue. If a defendant is not competent to plead because of mental disease or defect or because he is under the influence of drugs, an appeal waiver cannot cure that deficiency. We thus have jurisdiction to review the merits of Taylor's appeal.

## B. Compliance with Rule 11(b)

Taylor alleges that the district court failed to conform the hearing to the requirements of Rule 11. We hold that the district court properly conducted the change of plea hearing in accordance with Rule 11(b). Before accepting Taylor's plea, the district court discussed the right to a jury trial, the right to confront adverse witnesses, the waiver of trial rights, the statutory penalties, and the waiver of appellate rights under the plea agreement. See Fed. R. Crim. P. 11(b)(1). The district court determined the plea was voluntary after addressing Taylor personally and inquiring about any promises, pressure, or coercion regarding the plea. See Fed. R. Crim. P. 11(b)(2). The district court also asked questions to determine there was a factual basis for the plea. See Fed. R. Crim. P. 11(b)(3). Despite this holding, we do note, however, the district court could have inquired more extensively in other areas. One of Taylor's complaints is that the district court should have made a more searching inquiry into the circumstances of his positive test for marijuana. It may have been preferable for the district court to ask about recency of use and any effects the marijuana use had on Taylor. However, given the intensive colloquy the district court had with Taylor and its ability to personally observe Taylor's conduct and hear his answers, we are convinced the district court committed no error in finding Taylor competent.

## C. Denial of Motions to Withdraw Plea

Taylor seeks reversal of the district court's denial of his motions to withdraw his guilty plea. If a defendant presents a "fair and just reason" for the withdrawal, the defendant may withdraw a guilty plea after the court's acceptance of the plea, but before sentencing. Fed. R. Crim. P. 11(d)(2)(B); United States v. Maxwell, 498 F.3d 799, 800 (8th Cir. 2007). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. Maxwell, 498 F.3d at 801. We give deference to the district court judge because he is in a better position to find facts, make credibility determinations, and become familiar with the individual case and defendant than this court. Gall v. United States, 128 S. Ct. 586, 597-98 (2007).

The district court had ample evidence supporting its finding that Taylor knowingly and voluntarily entered a guilty plea. The district court inquired into Taylor's mental state and medications during the change of plea hearing. Taylor stated at the hearing that he was only under the influence of lithium for treatment of his depression, and not marijuana, and was competent to enter a plea. He also stated that he did not suffer from bipolar disorder and post-traumatic stress disorder. The district court thoroughly and carefully explained the consequences of pleading guilty, and Taylor repeatedly stated that he understood those explanations. The district court asked Taylor's counsel whether she believed Taylor was competent, and she responded affirmatively.

We conclude that the district court did not abuse its discretion by denying Taylor's motions to withdraw his guilty plea. Taylor failed to show a fair and just reason for requesting the withdrawal. At no time did Taylor allege to the district court that he was under the influence of marijuana at the change of plea hearing. He first made this allegation on appeal. He damaged his credibility by admitting during the sentencing hearing that he lied under oath on multiple occasions during the change of plea hearing. Finally, we note that Taylor waited until after preparation of the

presentence report, which recommended denial of acceptance of responsibility, and more than four months after entering his guilty plea to challenge the plea. The district court did not abuse its discretion in questioning Taylor's motives and discounting his claim of lack of competency.

## III. Conclusion

We affirm the judgment of the district court.

_____