# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1759

_____

United States of America

*Plaintiff - Appellee*

v.

Dana Andrew Eller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 13, 2020
Filed: April 9, 2020

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

SMITH, Chief Judge.

Dana Eller pleaded guilty to (1) possession of methamphetamine and marijuana with intent to distribute and (2) possession of a firearm in furtherance of a drug

trafficking crime. After he reviewed his draft presentence investigation report (PSR), Eller moved to withdraw his plea. The district court[1] denied that motion. We affirm.

## I. *Background*

Postal employees informed law enforcement that they had intercepted a package that smelled strongly of marijuana. The shipping label indicated that the package was going to Eller's house. Officers had other information that indicated Eller was selling drugs out of that house. After conducting a controlled delivery of the package, officers obtained and executed a search warrant. The officers discovered drugs, paraphernalia, and weapons within Eller's residence. They arrested Eller, who agreed to plead guilty to possession with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(D), and possession of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A)(i). He signed the plea agreement on August 22, 2018.

The district court held Eller's change-of-plea hearing two days later. During that hearing, the district court asked Eller a series of questions to ensure that he (1) was competent to plead guilty, (2) understood the charges against him, (3) comprehended the factual basis for those charges, (4) understood the rights he would waive by pleading guilty, and (5) recognized the effects of his plea. Eller's responses raised no suspicions as to his competence or his understanding of the charges and the effects of his plea.

During one part of the exchange, Eller disclosed that he was taking one medication for an abscessed tooth, and another for anxiety, depression, attention deficit disorder, and attention deficit hyperactivity disorder. The depression medication, Cymbalta, was prescribed by a doctor at the jail. Eller took it for the first

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

-2-

time the morning of his change-of-plea hearing. When asked if he was feeling any side effects from the medication, Eller stated he was "[j]ust tired." Plea Hr'g Tr. at 5, *United States v. Eller*, No. 4:18-cr-00142-SMR-CFB-1 (S.D. Iowa Nov. 30, 2018), ECF No. 47. Eller's counsel also expressed that he had no reason to believe Eller was incompetent to enter his plea. The court found that Eller was competent to enter a plea.

About two weeks after the hearing, Eller complained that Cymbalta was causing side effects. These included cold sweats, vomiting, migraines, dizziness, sleepiness, and trouble thinking. He eventually switched medications.

In October, a draft PSR was filed. Eller objected to the draft for several factual reasons, including a correction that his medication had changed from Cymbalta to Prozac. He did not, however, assert that he was incompetent at the time of his change-of-plea hearing.

On December 4, 2018, Eller's counsel requested a continuance of Eller's sentencing. He expressed concerns about Eller's competence "based on (a) [Eller's] responses to counsel's questioning, (b) changes to [Eller's] medication regiment, (c) [Eller's] statements regarding his mental health, and ([d]) counsel's observations regarding [Eller's] ability to focus and understand." Suppl. Info. Regarding Competency Eval. at 1, *United States v. Eller*, No. 4:18-cr-00142-SMR-CFB-1 (S.D. Iowa Dec. 4, 2018), ECF No. 54. Eller later filed a motion to withdraw his guilty plea. He argued that his plea was not knowing and voluntary because the Cymbalta he took on the day of his change-of-plea hearing made him tired and cloudy headed, inhibiting his ability to understand.

The district court denied Eller's motion. It noted that, during the plea colloquy, Eller "timely, appropriately, and lucidly answered each question posed by the Court." Order Den. Def.'s Mot. to Withdraw Plea of Guilty at 2, *United States v. Eller*, No.

4:18-cr-00142-SMR-CFB-1 (S.D. Iowa Feb. 6, 2019), ECF No. 65. It also noted that Eller provided no evidence to prove "that a single 30 mg time delayed dose of Cymbalta has the capacity to render a defendant incompetent." *Id.* Further, the court discounted Eller's subjective complaints because they were unsworn and self-serving. Finally, the court found the timing of Eller's motion suspicious; Eller did not move to withdraw his plea or complain of his incompetence until after his draft PSR was filed. That timing indicated "buyer's remorse." *Id.* at 4. Consequently, the district court denied Eller's motion. Eller appeals that decision.

## II. *Discussion*

Eller argues that the district erred in denying his motion to withdraw his guilty plea. "This court reviews the denial of a motion to withdraw a plea for an abuse of discretion." *United States v. Cruz*, 643 F.3d 639, 641 (8th Cir. 2011). "A defendant may withdraw a plea of guilty . . . after the court accepts the plea . . . if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden to establish fair and just grounds for withdrawal." *Cruz*, 643 F.3d at 642. "[A] defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing . . . ." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). Still, "[e]ven if the defendant meets this burden, the court must consider other factors before granting the motion." *Cruz*, 643 F.3d at 642. These include "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (internal quotation omitted).

Eller has not established fair and just grounds for withdrawal. In *Prior*, the defendant alleged that a guilty plea was induced by drug-withdrawal symptoms. 107 F.3d at 657. An expert testified that the defendant was incompetent when he signed the plea agreement but competent at his plea hearing. *Id.* The hearing transcript also

indicated that the defendant was competent; he stated that he understood his rights, read the plea agreement multiple times, and conferred with his counsel. *Id.* at 658. Further, the district court explained the defendant's constitutional rights, and the defendant admitted he voluntarily signed the plea agreement. *Id.* Additionally, the defendant did not seek to withdraw his plea until approximately five months after his hearing. *Id.* Under those circumstances, we concluded that the district court did not abuse its discretion in denying the motion. *Id.*

In *United States v. Taylor*, the defendant claimed that he was under the influence of drugs and depressed at his plea hearing. 515 F.3d 845, 851 (8th Cir. 2008). We held that he failed to establish a fair and just reason for withdrawing his plea. *Id.* Specifically, the district court adequately inquired into the defendant's mental state and explained the consequences of his plea. *Id.* Additionally, the defendant's counsel stated that she believed the defendant was competent. *Id.* And the defendant's credibility was diminished because he (1) alleged that he lied under oath and (2) waited until the PSR was released to withdraw his plea. *Id.*; *see also United States v. Yell*, 18 F.3d 581, 582–83 (8th Cir. 1994) (finding a defendant failed to meet his burden because he was fully informed, the court performed a colloquy into his understanding, and his claim of stress was "without credible foundation").

And in *Cruz*, the defendant argued, among other things, "that he was confused during the plea hearing due to his cold medication." 643 F.3d at 642. But at the plea hearing, the defendant testified that the medicine did not affect his judgment. *Id.* Further, at a later hearing, the defendant only testified that the medicine *might* have affected his ability to understand. *Id.* We found that evidence fell short of satisfying the defendant's burden. *Id.*

Eller argues that he was suffering mental illness at the time of his plea hearing, and that Cymbalta exacerbated his mental illness. This resulted, he claims, in an unknowing and involuntary plea. The only evidence supporting Eller's claim is

(1) Eller's self-serving testimony that he was tired and fuzzy at the plea hearing and (2) prison medical records, which indicated that Eller complained two weeks after his hearing that the medicine caused side effects. Those side effects included cold sweats, vomiting, migraines, dizziness, sleepiness, and trouble thinking.

That evidence is insufficient to establish a fair and just grounds for withdrawal. First, the plea hearing transcript belies any contention that Eller did not knowingly and voluntarily enter his plea. Eller swore under oath that he understood the plea agreement and that he had no reason to doubt his competency. His counsel also testified that he believed Eller was competent. Further, the district court explained the consequences and rights Eller waived by pleading guilty. We have found that similar transcripts overcome a defendant's later subjective complaints. *See Cruz*, 643 F.3d at 642; *Prior*, 107 F.3d at 657–58.

Second, the symptoms indicated in prison medical records are based on solely Eller's statements. Such unsupported statements provide an inadequate basis for establishing the invalidity of his plea. *See United States v. Dalman*, 994 F.2d 537, 538–39 (8th Cir. 1993) (rejecting the defendant's contention that his medication unduly influenced his plea because those contentions were contrary to his conduct and testimony at the plea hearing). Additionally, Eller offered no medical evidence that a 30-mg delayed dose of Cymbalta can impair cognitive functioning so as to incapacitate him. *See United States v. Murphy*, 572 F.3d 563, 569–70 (8th Cir. 2009). And Eller did not complain of any side effects until weeks after his plea hearing. Consequently, the record contains no evidence that Eller's medication had an effect on his competency.

Finally, the timing of Eller's attempted withdrawal is problematic; he did not attempt to withdraw his plea until after the PSR was prepared. Discomfort with the PSR recommendations provide a credible, competing rationale for Eller's late change of plea. *See Taylor*, 515 F.3d at 851; *Prior*, 107 F.3d at 658.

In short, Eller did not meet his burden of establishing a fair and just grounds for withdrawal. The district court did not abuse its discretion.

### III. *Conclusion*

For the foregoing reasons, we affirm.

_____