# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-1815

———————————————

United States of America

*Plaintiff - Appellee*

v.

Benton Rowland

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the District of South Dakota - Western

—————————

Submitted: January 11, 2022
Filed: March 25, 2022
[Unpublished]

—————————

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

—————————

PER CURIAM.

Benton Rowland pled guilty to abusive sexual contact in violation of 18 U.S.C. §§ 1153 and 2244(a)(5). The district court[1] denied his motion to withdraw

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

his guilty plea. It sentenced him to 240 months in prison. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Rowland asserts he "did not enter his plea knowingly" because he did not know "that the Guideline range for his sentencing would be 'life.'" "This court reviews the denial of a motion to withdraw a plea for abuse of discretion." *United States v. Eller*, 955 F.3d 730, 733 (8th Cir. 2020). A "defendant has no absolute right to withdraw a guilty plea before sentencing and the decision to allow or deny the motion remains within the sound discretion of the trial court." *United States v. Smith*, 422 F.3d 715, 724 (8th Cir. 2005) (internal quotation marks omitted). Whether a defendant's plea was "knowing and voluntary is a mixed question of law and fact that is reviewed de novo." *Id.*

Rowland's plea was knowing and voluntary. The plea agreement noted that the "charge carries a maximum sentence of any term of years up to life" in prison. At the change of plea hearing, the court advised Rowland of his "absolute right to stay with your not guilty plea to the charge in the indictment." The court further emphasized, "That means you have an absolute right as you sit here right now to be presumed innocent of any wrongdoing. Nobody's proven that you've committed a crime." Rowland acknowledged he understood this right. The court then confirmed that Rowland was not pressured, threatened, or promised anything in exchange for his plea. He acknowledged it was of his "own free will." The court also reviewed the plea agreement, reminding him that the court was not bound to accept the sentencing recommendation. The court reminded Rowland that the abusive sexual contact charge "carries a maximum sentence of any term of years in prison up to life in prison." Rowland acknowledged he understood.

Even if a plea is knowing and voluntary, a defendant may withdraw it if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Rowland contends he was "mistaken in believing his Guideline sentence would be a range of months in prison." This is not a sufficient reason to withdraw a guilty plea where, as here, a defendant is "apprised of the

possible range of punishment." *United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir. 1992) ("[E]ven if Ludwig misunderstood the application of the Guidelines to his sentence, this would not entitle him to withdraw his guilty pleas, as he was apprised of the possible range of punishment and told that the Guidelines would apply."). *See United States v. Thomas*, 705 F.3d 832, 834 (8th Cir. 2013) ("So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding.").

Rowland voluntarily entered a plea knowing the maximum sentence was life in prison. Rowland's desire to withdraw his plea over two months after his hearing is nothing more than post-plea regret insufficient to justify withdrawal. *See United States v. Bowie*, 618 F.3d 802, 811 (8th Cir. 2010) ("Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea, or for this court to reverse the district court."). The district court did not abuse its discretion in denying Rowland's motion to withdraw his guilty plea.

* * * * * * *

The judgment is affirmed.

_____