# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2798
_____

United States of America

*Plaintiff - Appellee*

v.

Jerell Henderson, also known as Boogie

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 16, 2023
Filed: November 27, 2023
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After Jerell Henderson pleaded guilty to three drug and firearm-related charges, the district court[1] sentenced him to 510 months of imprisonment.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Henderson appeals, challenging his conviction on one of the counts and his sentence. We affirm.

## I.

On October 3, 2017, law enforcement officers responded to reports of a shooting at the Hot Stop Market and Grill in St. Louis, Missouri. They found one victim, L.P., lying on the ground with multiple gunshot wounds. L.P. was transported to a nearby hospital where he was pronounced dead.

A federal grand jury returned an indictment against Henderson and three co-defendants, charging them each in three counts: (1) conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; (2) conspiracy to possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o); and (3) discharging a firearm resulting in the death of L.P., in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j)(1)-(2). Henderson entered a plea of not guilty to all charges.

On the day his trial was to begin, Henderson informed the court that he intended to plead guilty to all three counts of the indictment. The government proposed a written plea agreement, which Henderson signed, and the court held a change of plea hearing that same day. About three months later, Henderson orally moved to withdraw his guilty plea, but only as to Count 3. After a colloquy with Henderson at an *ex parte* hearing, the district court denied the motion.

On August 23, 2022, the district court held a sentencing hearing. The government called a homicide detective and firearms examiner as witnesses and presented footage of the shooting, taken from surveillance cameras at the Hot Stop Market. Henderson objected to those portions of the Presentence Investigation Report (PSR) that referenced Count 3 and denied that he possessed or discharged a firearm or had any responsibility for L.P.'s death. He also renewed his motion to withdraw his guilty plea on Count 3. Henderson asserted that he did not have

sufficient time to review the plea agreement. Once he had a chance to read it in more detail, he said, he realized that the agreement did not reflect his position that he was not responsible for the conduct alleged in Count 3. He told the district court he thought he was pleading guilty to Counts 1 and 2, but not Count 3.

Relying on the "detailed inquiry" made at the *ex parte* hearing, the district court denied Henderson's renewed motion to withdraw his guilty plea as to Count 3. The district court overruled Henderson's objections to the PSR, calculated an advisory Guidelines range of life, and imposed a sentence of 510 months' imprisonment. Henderson timely filed a notice of appeal. After counsel filed an opening brief, we granted Henderson permission to file a pro se supplemental brief. We address all issues raised in both briefs.

## II.

Henderson argues that his guilty plea to Count 3 was not knowing and voluntary.[2]

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Osei, 679 F.3d 742, 746 (8th Cir. 2012) (citing United States v. Mugan, 441 F.3d 622, 630 (8th Cir. 2006)). There is no "automatic right" to withdraw a guilty plea after it is accepted by the court. Id. at 746–47 (citations omitted). But a defendant may withdraw a guilty plea prior to sentencing if they "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim.

---

[2]Henderson also argues that the government "knowingly intruded" on his attorney-client relationship with former defense counsel in this case, in violation of the Sixth Amendment. He filed a motion to the district court, requesting an inquiry into whether the government had improperly communicated with his prior counsel about, among other things, "insights on trial strategy." Since Henderson withdrew that motion less than a week after it was filed, asking the court to deny it as moot, it is not properly before us. See United States v. Gamboa, 701 F.3d 265, 268 (8th Cir. 2012) (finding a defendant who knowingly and voluntarily withdrew a motion to withdraw a guilty plea could not then argue that motion on appeal).

P. 11(d)(2)(B); United States v. Taylor, 515 F.3d 845, 851 (8th Cir. 2008). In reviewing a defendant's pre-sentencing request to withdraw a guilty plea, a district court may consider, among other factors, "any assertions of legal innocence." Mugan, 441 F.3d at 630.

The district court engaged in a lengthy colloquy with Henderson during the *ex parte* hearing, reviewing with him in detail the answers he had provided under oath at the guilty plea hearing. The district court concluded those answers were in direct conflict with Henderson's assertion that he did not understand that he was pleading guilty to all three counts of the indictment. The court found that Henderson's guilty plea to Count 3 was knowing and voluntary, and that he had ample opportunity to change his mind and proceed to trial that very day. We find no abuse of discretion in the district court's careful assessment of Henderson's motion and its decision to deny it.

Henderson also argues that his plea of guilty to Count 3 was not knowing and voluntary due to ineffective assistance of counsel leading up to and at the plea hearing. But claims of ineffective assistance of counsel such as this one are better raised in a collateral proceeding under 28 U.S.C. § 2255, where the record can be fully developed. See Massaro v. United States, 538 U.S. 500, 504–05 (2003); United States v. Cook, 356 F.3d 913, 920 (8th Cir. 2004) ("Based on the undeveloped record before us, we cannot properly analyze Cook's pro se allegations of ineffective assistance of counsel."). We therefore decline to address it on direct appeal.

III.

Henderson also challenges his 510-month sentence as unconstitutional and substantively unreasonable.

First, Henderson asserts that his sentence on Count 3 violated his constitutional right to have a jury decide any fact—here, the death of L.P—that increased the statutory range of punishment for the offense. See Apprendi v. New

Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). But Henderson pleaded guilty to Count 3, admitting—and waiving his right to a jury trial on—each element of that offense. See United States v. Briggs, 820 F.3d 917, 920–21 (8th Cir. 2016) (noting that the Sixth Amendment requirement that every fact necessary to establish a given element of a crime must either be proved to a jury beyond a reasonable doubt or admitted by the defendant) (quoting Blakely v. Washington, 542 U.S. 296, 303–04 (2004) (citing Apprendi, 530 U.S. at 490)). There was no Sixth Amendment error.[3]

Next, Henderson argues that his sentence is substantively unreasonable, an issue we review for abuse of discretion. See United States v. Ross, 29 F.4th 1003, 1007–08 (8th Cir. 2022) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). Henderson contends that the district court did not give sufficient weight to his minimal criminal history, or the information provided by family members who wrote letters of support. Henderson also argues that the district court did not properly consider the sentences and anticipated sentences of his co-defendants, who Henderson asserts were more culpable and had more serious criminal records.

Henderson's co-defendants' sentences or sentencing dates, as well as their comparative involvement in the offense conduct, were included in his PSR. Henderson brought this issue to the court's attention in both his objections to the PSR and his sentencing memorandum, and he raised it again at sentencing. The district court noted that it carefully considered the record before it, including Henderson's objections to the PSR and the evidence and arguments presented at sentencing. And the district court made a detailed summary of the offense and its impact.

---

[3]To the extent this argument is premised on Henderson's ineffective assistance of counsel claim, we decline to address it on direct appeal. See Part II, supra.

In this case, we are confident that the district court did not abuse its discretion in giving other sentencing factors more weight than the ones Henderson highlights on appeal. See United States v. Williams, 791 F.3d 809, 811 (8th Cir. 2015) (recognizing a district court's "substantial latitude" when weighing § 3553(a) factors (quoting United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012))); United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (observing a district court may "assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant."). The record shows that the district court thoughtfully considered the facts and circumstances of the offense, as well as Henderson's history and characteristics. The court addressed Henderson directly, explaining in detail its grave concerns about the nature of the offense conduct and Henderson's lack of remorse for the victim's death, and the impact his actions had on the victim's family and the larger community. See United States v. Garcia, 61 F.4th 628, 632 (8th Cir. 2023); Wisecarver, 644 F.3d at 774. Based on its consideration of the § 3553(a) factors, the district court imposed a sentence below the guidelines range of life imprisonment. It did not abuse its discretion in doing so. Cf. United States v. Garcia, 946 F.3d 413, 419–20 (8th Cir. 2019) (finding "that a bottom-of-the-Guidelines-range sentence was [appropriate]," given the district court's careful weighing of the § 3553(a) factors, "regardless of the sentence [a] co-defendant received.").

IV.

The judgment of the district court is affirmed.

_____